Robert E. COTNER, Plaintiff-Appellant,

v.

Denny HOPKINS, William Beckman, James Dunham, Leroy Kirk, William McLeod, Peggy Fries, Larry Meachum, John Doe, and Warden Gary Maynard, Defendants-Appellees.

Robert E. COTNER, Plaintiff-Appellant,

v.

Melvin CAMBELL, Bill Ward, Juanita Zummer, Gayle Norman, Gary Maynard and Larry Meachum, Defendants-Appellees.

Nos. 85–2431, 85–2432.

United States Court of Appeals, Tenth Circuit.

July 15, 1986.

Rehearing Denied Sept. 9, 1986.

Robert E. Cotner, pro se.

Before SEYMOUR and MOORE, Circuit Judges, and KANE, District Judge.*

PER CURIAM.

These matters come on for consideration in accordance with 10th Cir. R. 9(e) and Fed.R.App.P. 34(a). Plaintiff's motion for leave to proceed on appeal in forma pauperis is granted.

Plaintiff, while an inmate at the Oklahoma State Penitentiary, filed the underlying 42 U.S.C. § 1983 civil rights actions. In the first case (No. 85–2431), plaintiff alleged that the prison authorities engaged in a conspiracy to violate inmates' civil and constitutional rights by using various schemes to: (1) endanger the health and safety of the prisoners; (2) carry on an illegal criminal enterprise for the defendants' monetary and political interests in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968; and (3) use the Oklahoma prison system to defraud taxpayers and prisoners.

In the other action (No. 85–2432), plaintiff alleged that the defendants interfered with incoming and outgoing mail by intercepting and censoring it in violation of prison policies. He further alleged that money was being withdrawn from his prisoner trust account, by prison authorities, without his consent.

The district court consolidated these cases and several other inmate actions and dismissed all of the complaints. *Cotner v. Campbell*, 618 F.Supp. 1091 (D.Okla.1985). With reference to No. 85–2431, the court determined that plaintiff did not allege that he had been personally deprived of any constitutional rights and could not assert the constitutional rights of other inmates. The court further concluded that the remaining allegations were conclusory and

---

* The Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sit-   ting by designation.

unsupported by facts. The court determined that the allegations in No. 85–2432 were also conclusory.

In addition, the court found that plaintiff had: (1) engaged in successive and vexatious litigation; (2) violated a previous court order; and (3) violated Fed. R. Civ. P. 11 by filing these actions. The district court then fined plaintiff $1,000 and barred him from filing further actions until the fine was paid in full. Finally, the court placed restrictions on the commencement of future litigation by plaintiff.

On appeal plaintiff continues to raise the allegations asserted in the district court and further argues that: (1) the district court improperly dismissed the complaints; (2) the district court judge was biased; (3) the restrictions were inappropriate; and (4) the district court erred in imposing sanctions.

■ The essence of plaintiff's claim in No. 85–2431 was that bad prison conditions in general might affect the constitutional rights of Oklahoma State Penitentiary inmates. The general rule, however, is that a plaintiff must assert his own constitutional rights. *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *United States v. Raines,* 362 U.S. 17, 21, 80 S.Ct. 519, 522–23, 4 L.Ed.2d 524 (1960); *Hall v. Wooten,* 506 F.2d 564 (6th Cir.1974). *See also Adams v. James,* 784 F.2d 1077 (11th Cir.1986) (in nonclass action context, prisoner has no standing to litigate claims of other prisoners). In this case, we agree with the district court's conclusion that plaintiff failed to allege violations of his personal constitutional rights. In addition, plaintiff's allegations were conclusory and unsupported by underlying facts. *Wise v. Bravo,* 666 F.2d 1328 (10th Cir. 1981); *Lorraine v. United States,* 444 F.2d 1 (10th Cir.1971). Accordingly, the district court correctly dismissed No. 85–2431. No. 85–2432 was properly dismissed because the allegations were also conclusory. Finally, plaintiff's claim that the district court judge was biased was not raised in the district court. Therefore, we decline to address this question. *Nulf v. International Paper Co.,* 656 F.2d 553, 559 (10th Cir.1981).

■ Our principal concern is whether the restrictions and the $1,000 fine were appropriate under the circumstances. There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances. *See, e.g., In re Martin-Trigona,* 737 F.2d 1254 (2d Cir. 1984); *In re Oliver,* 682 F.2d 443 (3d Cir. 1982); *In re Green,* 669 F.2d 779 (D.C.Cir. 1981); *Pavilonis v. King,* 626 F.2d 1075 (1st Cir.), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980); *Gordon v. United States Dept. of Justice,* 558 F.2d 618 (1st Cir.1977). "[E]ven onerous conditions" may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved. *Carter v. United States,* 733 F.2d 735, 737 (10th Cir.1984), *cert. denied,* — U.S. —, 105 S. Ct. 915, 83 L.Ed.2d 928 (1985) (quoting *In re Green,* 669 F.2d 779, 786 (D.C.Cir.1981)). The conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

Here, the district court required that plaintiff meet the following preconditions before filing future actions: (1) he must carry a stronger burden of proof that he is economically unable to pay filing fees; (2) he must demonstrate to the court that his action is commenced in good faith and not malicious or "without arguable merit"; (3) his pleadings must be certified as provided by Fed. R. Civ. P. 11; (4) he must include in every complaint filed a list of every previous action filed; and (5) he must send all pleadings to the defendants and provide the court with proof of service. These preconditions are clearly the type of carefully tailored restrictions contemplated by the various courts that have addressed the question of restraints on abusive litigants. *See In re Green, supra* (litigant required to certify that claims advanced have never been raised before); *Green v. White,* 616

F.2d 1054, 1055 (8th Cir.1980) (litigant required to list all causes previously filed on same, similar, or related actions); *Graham v. Riddle*, 554 F.2d 133, 134–35 (4th Cir. 1977) (prefiling review and denial of leave to file in forma pauperis except upon a showing of good cause). Thus, the restrictions imposed were appropriate.

■ We turn now to the district court's imposition of the $1,000 fine pursuant to Fed. R. Civ. P. 11. Rule 11 was amended in 1983 to expand the authority of district courts to impose sanctions to discourage dilatory or abusive tactics by litigants or their attorneys. Under the Rule, the party or attorney, in signing a pleading, affirms that, after making a reasonable inquiry, he believes in good faith that the pleading is well grounded both in fact and in law. *Elliott v. Perez*, 751 F.2d 1472, 1480–81 (5th Cir.1985). The district court's imposition of a sanction under Rule 11 is subject to review for abuse of discretion. *Chevron, U.S.A., Inc. v. Hand*, 763 F.2d 1184, 1187 (10th Cir.1985).

Recently, the Eleventh Circuit held that there may be circumstances in which it is appropriate to impose a fine for a violation of Rule 11. *Donaldson v. Clark*, 786 F.2d 1570, 1576–77 (11th Cir.1986). The court cautioned, however, that when the fine is imposed as punishment, the court imposing the fine must follow the procedures required in criminal contempt proceedings. *Id.* at 1577. In our view, those contempt procedural protections are indicated here where the fine was precipitated, in part, by plaintiff's failure to comply with a previous court order. Thus, we conclude that the district court abused its discretion in failing to afford plaintiff the procedural protections of Fed. R. Crim. P. 42(b) prior to imposing the $1,000 fine.

Further, the payment of the sanction appears to be an absolute precondition to future filings, and consequently a possible total bar to plaintiff's access to courts. This court, however, has held that sanctions cannot result in total preclusion. *Carter v. United States, supra.* Therefore, we hold that when prepayment of a sanction has the effect of a restriction on the filing of future actions, findings must be made to determine whether a litigant is able to make such payment so as to avoid an absolute preclusive effect on access to courts.

Finally, plaintiff has filed a motion in this court requesting a stay of the imposition of the fine pending appeal. As the $1,000 fine is vacated by this order, this motion is now moot and is, therefore, denied.

The district court's judgment is AFFIRMED to the extent that it dismisses the complaints on the merits and imposes restrictions on future filings. The $1,000 fine is VACATED and the case is REMANDED for determination by the trial court whether to reinstate or vacate the proceedings for assessment of a fine.

The mandate shall issue forthwith.