936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Isa Abdullah Ramadan SHABAZZ, Petitioner-Appellant,
v.
Stephen KAISER, Attorney General, Respondents-Appellees.
 Nos. 90-6131, 90-6141.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Isa Abdullah Ramadan Shabazz, proceeding pro se and in forma pauperis, seeks a certificate of probable cause in order to appeal the dismissal of his habeas petition under 28 U.S.C. Sec. 2254. See 28 U.S.C. Sec. 2253 (certificate of probable cause required for appeal); Lozada v. Deeds, 111 S.Ct. 860, 861-62 (1991) (standards for granting). Shabazz is a "frequent filer" who has, so far, brought twenty-nine federal court actions during the eighteen years of his incarceration challenging his conviction and the conditions of his confinement. In Phillips v. Kaiser,[1] No. CIV-88-2239-R, unpub. order (W.D.Okla. Feb. 16, 1989), in an endeavor to curb Shabazz's abusive litigation practices, the district court imposed five preconditions on his future habeas filings. Under the district court's order, Shabazz must (1) carry a stronger burden of proof that he lacks the means to pay his filing fees; (2) demonstrate that each action is brought in good faith, is not malicious and has arguable merit;[2] (3) certify his pleadings under Fed.R.Civ.P. 11; (4) include with each filing a list of every previous action; and (5) send all pleadings to respondents and provide the court with proof of service. Id. at 11. In the instant case, the district court found that Shabazz failed to comply with these requirements and consequently dismissed his action. Shabazz v. Kaiser, No. CIV-90-479-R, unpub. order, (W.D.Okla. Mar. 28, 1990).
 
 
 2
 "[A]n indigent person has no constitutional or other right of access to the courts to prosecute an action that is frivolous, malicious, or which seeks to harass." Phillips v. Carey, 638 F.2d 207, 209 (10th Cir.), cert. denied, 450 U.S. 985 (1981). A district court therefore retains discretion to place restrictions on future filings by "litigants who seek to advance repetitive causes, who file actions for obviously malicious purposes, and who generally abuse the processes." Id. In the context of original jurisdiction, both the Supreme Court and this court have exercised inherent power to curb abusive filings by limiting the availability of in forma pauperis status. See In Re McDonald, 109 S.Ct. 993, 996 (1989); Johnson v. Cowley, 872 F.2d 342, 344 (10th Cir.1989). Any restriction on a petitioner, however, must be "carefully tailored" to "assist the district court in curbing the particular abusive behavior involved." Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). See also Tripati v. Beaman, 878 F.2d 351 (10th Cir.1989).
 
 
 3
 We have reviewed the briefs and the record on appeal construing Shabazz's pro se pleadings liberally as required under Haines v. Kerner, 404 U.S. 519, 520-21 (1971). The restrictions placed on Shabazz's future filing activities in Phillips v. Kaiser are substantially similar to those approved by this court in Cotner, 795 F.2d at 902 and reaffirmed in Tripati, 878 F.2d at 353. As such, they are carefully tailored to curb his abusive litigation practices. Shabazz's complaint in the instant action does not come close to satisfying these conditions. Thus, dismissal of Shabazz's action did not violate his constitutional right of access to the courts.
 
 
 4
 Because Shabazz failed to make a substantial showing of the denial of a federal right, see Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983), his application for a certificate of probable cause is DENIED. Shabazz's motion for expedited consideration, see 10th Cir.R. 27.3, is DENIED as moot.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Many of Shabazz's previous filings are styled in his former name, Jimmy Phillips
 
 
 [2]
 In the context of Shabazz's successive habeas petitions concerning his conviction, we think that this condition requires Shabbaz to address why any petition he files does not constitute an abuse of the writ. See McCleskey v. Zant, 111 S.Ct. 1454, 1470-71 (1991)