David EISENBERG, Plaintiff,

v.

UNIVERSITY OF NEW MEXICO; Ken Johns; Jerry Apodaca; Frank Borman, Col.; George J. Maloof; Robert L. Sanchez; John D. Paez, Dr.; Gerald May; Phillip M. Alarid, Defendants,

and

Siegried Hecker, Dr.,
Defendant–Appellee,

Jocelyn M. Torres, Attorney–Appellant.

No. 90–2056.

United States Court of Appeals,
Tenth Circuit.

June 25, 1991.

Ray Twohig, Albuquerque, N.M., for plaintiff-appellant.

Lynn Isaacson and James J. Mason, of Mason, Rosebrough & Isaacson, Gallup, N.M., for defendants-appellees.

Before McKAY, SETH and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Jocelyn Torres appeals the district court's memorandum opinion and order of February 28, 1990, finding her in violation of Fed.R.Civ.P. 11 [1] and imposing a fine of $250.00 to be paid to the clerk of the district court. "[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.,* —— U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990); *see also Hughes v. City of Fort Collins,* 926 F.2d 986, 988 (10th Cir.1991).

Ms. Torres, the attorney representing the plaintiff in the underlying case, filed a motion for new trial following a jury verdict against her client. In her motion, she alleged that Judge Edwin L. Mechem's law clerk had engaged in prejudicial ex parte

---

**1.** As amended in 1983, Fed.R.Civ.P. 11 states in relevant part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

conduct in regard to sending requested exhibits to the jury during deliberations. Ms. Torres attached her own affidavit to the motion, further alleging that during jury instruction discussions between respective counsel and the law clerk in the judge's conference room, this same law clerk indicated that she was being represented by a member of defense counsel's law firm. The motion for new trial was denied, and no appeal was taken. Judge Mechem subsequently issued an order to show cause as to why Ms. Torres should not be sanctioned under Rule 11 for failure to conduct an adequate inquiry into the truth and accuracy of her statement regarding the law clerk's involvement with defense counsel's law firm. After issuing the order, Judge Mechem recused himself from the show cause proceedings, and Judge James Parker was assigned to hear the case.

Prior to the show cause hearing, counsel for Ms. Torres sent a letter to Judge Parker requesting the court to consider conducting a settlement conference. Attached to this correspondence was a second affidavit signed by Ms. Torres in which she not only set forth the circumstances of the first remarks by the law clerk, but further alleged that during a court recess, the law clerk had made a second remark to the effect that she was being represented by a member of defense counsel's law firm.

At a hearing on January 26, 1990, Judge Parker heard testimony from Ms. Torres, the law clerk, both defense counsel, the court reporter, and Ms. Torres' attorney. He subsequently issued a decision finding no violation of Rule 11 as to the first affidavit. However, following this decision, Judge Parker issued a second show cause order regarding the allegation in the second affidavit. Ms. Torres submitted a written response to this second show cause order attaching affidavits of the plaintiff, plaintiff's wife, and several of plaintiff's friends with whom plaintiff allegedly discussed this remark.

Without conducting a second hearing, Judge Parker concluded that no such statement had been made by the law clerk, and, because Ms. Torres failed to make adequate inquiry into the factual accuracy of the statement, her actions were sanctionable pursuant to Rule 11. Judge Parker ordered a fine in the amount of $250.00 to be paid to the clerk of the court. Ms. Torres challenges this sanction on the grounds that (1) the offending affidavit was not formally filed with the court and is therefore outside the scope of Rule 11, (2) the offending affidavit was part of settlement negotiations and therefore excluded from consideration for Rule 11 sanctions under Fed.R.Evid. 408, (3) Ms. Torres was denied due process when a second hearing was not conducted prior to imposition of sanctions, and (4) because the court imposed a fine as a punitive sanction, Ms. Torres should have been afforded the due process mandated for criminal contempt proceedings in Fed.R.Crim.P. 42(b). We affirm.

I.

 Initially, Ms. Torres argues that because the offending affidavit was not formally filed, it should be precluded from consideration under the scope of Rule 11. In the dissent to a recent decision of the Supreme Court, Justice Kennedy questioned the majority's inclusion of an affidavit, submitted to the court for *in camera* review, among the " 'pleadings, motions, or other papers' " scope of Rule 11. *Business Guides, Inc. v. Chromatic Communications Enters., Inc.,* —— U.S. ——, 111 S.Ct. 922, 939, 112 L.Ed.2d 1140 (1991). However, it was just such an affidavit, signed by a represented litigant and submitted to the court for its consideration, that was the subject of this Supreme Court majority decision. "[T]he meaning of the Rule seems plain: a party who signs a pleading *or other paper* without first conducting a reasonable inquiry shall be sanctioned." *Id.* 111 S.Ct. at 928 (emphasis added). Although Ms. Torres' affidavit was not formally "filed" in the court file, it was nonetheless submitted with the intention that the court, as factfinder, rely upon the truth and accuracy of the statements contained therein. Consideration of papers outside the pleadings is not inappropriate when determining the existence of a Rule 11

violation. *See Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 596 n. 10 (7th Cir.1989), *cert. denied,* — U.S. —, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990).

█ The focus of Rule 11 is narrow. It relates to the time of signing of a document and imposes an affirmative duty on each attorney and each party, represented or pro se, to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed. *Business Guides, Inc.*, 111 S.Ct. at 930–31. "A signature sends a message to the district court that this document is to be taken seriously." *Id.* at 930. Thus, we conclude that Ms. Torres' affidavit was a signed, certified document, submitted to the court, and within the scope of "other papers" appropriate for consideration under Rule 11.

## II.

We next address the question of whether the affidavit, submitted to the court in support of a request for a settlement conference, should be excluded from Rule 11 consideration pursuant to Fed.R.Evid. 408.[2] We will not disturb the district court's decision to consider evidence unless there is indication of "manifest error." *See Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1372 (10th Cir. 1977), *cert. dismissed,* 434 U.S. 1052, 98 S.Ct. 905, 54 L.Ed.2d 805 (1978).

The rule sets forth some limitations upon its applicability. The purpose of the rule is to promote nonjudicial settlement of disputes. "[T]he Committee recast the Rule so that admissions of liability or opinions given during compromise negotiations continue inadmissible, but evidence of unqualified factual assertions is admissible." Fed.R.Evid. 408 notes of committee on the judiciary, House Report No. 93–650; *see*

also *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1363 (10th Cir.1987).

█ Ms. Torres offered the affidavit to the court, as factfinder, in support of her allegations of impropriety on the part of the law clerk. She cannot do this with the intent that the court rely on the truth and accuracy of her factual assertion and then, when taken to task, claim that the court's reliance was prejudicial. We conclude that Ms. Torres waived any claim to Rule 408 protection by her own submission of the affidavit to the court. In addition, we hold that Ms. Torres' affidavit falls under the exception set forth in Rule 408 for "evidence offered for another purpose" and, as such, is completely admissible for purposes of determining a Rule 11 violation.

## III.

The advisory committee's note to Rule 11 states that a court's decision to impose Rule 11 sanctions "obviously must comport with due process requirements." Ms. Torres argues that the district court's failure to conduct a second hearing denied her due process. "Due process is a flexible concept, and the particular procedural protections vary, depending upon all the circumstances." *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir.1987) (citations omitted). A party facing possible imposition of sanctions has a "due process right to 'notice that such sanctions are being considered by the court and a subsequent opportunity to respond.'" *White v. General Motors Corp.*, 908 F.2d 675, 686 (10th Cir.1990) (quoting *Braley*, 832 F.2d at 1514). The Ninth Circuit stated the reasons for these procedural protections as:

(1) the attorneys will have an opportunity to prepare a defense and to explain their questionable conduct at a hearing; (2) the judge will have time to consider the severity and propriety of the pro-

---

**2.** Fed.R.Evid. 408 reads in part:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to

prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.... This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness....

posed sanction in light of the attorneys' explanation for their conduct; and (3) the facts supporting the sanction will appear in the record, facilitating appellate review.

*Miranda v. Southern Pac. Transp. Co.,* 710 F.2d 516, 522–23 (9th Cir.1983).

■ An attorney who files court papers, without adequate inquiry into the factual basis of the statements contained therein, cannot claim lack of notice "of the standards of conduct that the rule itself provides." *Donaldson v. Clark,* 819 F.2d 1551, 1560 (11th Cir.1987). We recognize that, at the time of submission of the offending affidavit, Ms. Torres had stepped out of her role as attorney and into that of a represented party. However, even "a represented party who signs his or her name bears a personal, nondelegable responsibility to certify the truth and reasonableness of the document." *Business Guides, Inc.,* 111 S.Ct. at 931. Ms. Torres also had adequate notice that the court was considering sanctions through the issuance of the show cause order. "[N]otice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" was amply provided to Ms. Torres. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

■ The need for a full evidentiary hearing depends upon the seriousness of the alleged violation and the probative value of further personal testimony. Ms. Torres had a full hearing in response to the first order to show cause. The transcript indicates that the court explored the circumstances surrounding the statement made in the first affidavit *and* the statement made in the second affidavit. The court solicited testimony regarding both statements from all witnesses and from Ms. Torres. In addition, Ms. Torres was afforded an op-

portunity to respond in writing to the second order to show cause.

"*Braley* clearly held that an opportunity to be heard does not require an oral or evidentiary hearing on the issue." *White,* 908 F.2d at 686. "'The opportunity to fully brief the issue is sufficient to satisfy due process requirements.'" *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America,* 935 F.2d 1152, 1160 (10th Cir.1991) (quoting *White,* 908 F.2d at 686); *see also G.J.B. & Assocs., Inc. v. Singleton,* 913 F.2d 824, 830 (10th Cir.1990) (oral or evidentiary hearing not required in determining whether Rule 11 sanctions are warranted); *Spiller v. Ella Smithers Geriatric Center,* 919 F.2d 339, 347 (5th Cir.1990) (submission of a brief is usually all that due process requires) (citations omitted).

We hold that Ms. Torres received all the process due under the circumstances. A second hearing would have served only to rehash evidence and statements already presented. A comprehensive and complete record was created from which the district court reached its conclusion, and from which this court can adequately consider Ms. Torres' request for review.

## IV.

Finally, Ms. Torres contends that the district court abused its discretion by imposing a "fine" without a finding of criminal contempt which would have afforded her the due process protections mandated by Fed.R.Crim.P. 42(b).[3]

As with other types of sanctions, the award of Rule 11 sanctions involves two steps. The district court first must find that a pleading violates Rule 11. This typically involves subsidiary findings, such as the current state of the law or the parties' and attorneys' behavior and motives within the context of the entire litigation, as well as a conclusion on the

---

3. Fed.R.Crim.P. 42(b) states in pertinent part: A criminal contempt ... shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the crimi-

nal contempt charged and describe it as such.... The defendant is entitled to a trial by jury in any case in which an act of Congress so provides.... Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.

ultimate question whether the pleading violated Rule 11. *The second step is for the district court to impose an appropriate sanction.*

*Adamson v. Bowen,* 855 F.2d 668, 672 (10th Cir.1988) (emphasis added). Although the district court has wide discretion in selecting an appropriate sanction, "Rule 11 does not provide any 'free passes' to litigants who violate its mandate. Once a court finds a Rule 11 violation it must impose some form of sanction." *Spiller,* 919 F.2d at 347 (citation omitted); *see also Traina v. United States,* 911 F.2d 1155, 1158 (5th Cir.1990); *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor,* 875 F.2d 1224, 1229 (6th Cir.1989) (citation omitted).

"Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *White,* 908 F.2d at 683. "The appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff." *Id.* at 684. Of these purposes, the Supreme Court has stated that the rule is designed primarily to serve the purpose of deterring future violations. *Cooter & Gell,* 110 S.Ct. at 2454.

The First Circuit recently stated that "a trial court confronted by sanctionable behavior should consider the purpose to be achieved by a given sanction and then craft a sanction adequate to serve that purpose." *Anderson v. Beatrice Foods Co.,* 900 F.2d 388, 395 (1st Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990); *see also Adamson,* 855 F.2d at 672 n. 5. While acknowledging the need to give the trial court broad latitude in fashioning sanctions, the court in *Anderson* stated that the trial court should avoid using "an elephant gun to slay a mouse [or] a cardboard sword if a dragon looms.... [T]he punishment should be reasonably suited to the crime." *Anderson,* 900 F.2d at 395. We have set forth the circumstances which the court should consider when making a determination regarding the appropriate sanction as (1) reasonableness of fees, if

sanctions based on opposing party's attorney fees and costs, (2) minimum needed to deter the offensive behavior, (3) the ability to pay, and (4) other factors such as "offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, [and] the risk of chilling the type of litigation involved." *White,* 908 F.2d at 685.

The language of Rule 11 provides no guidelines for discerning what sanction is best suited to a particular type of violation. "Rule 11, while requiring the court to impose 'an appropriate sanction' for an infraction of the rule's standard, neither defines nor delimits the types of sanctions that may be 'appropriate.' " *Anderson,* 900 F.2d at 394 n. 6. Rule 11 " 'is not a fee-shifting statute in the sense that the loser pays. It is a law imposing sanctions if counsel files with improper motives or inadequate investigation.' " *Triad Assocs.,* 892 F.2d at 596 (quoting *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 932 (7th Cir.1989)); *see also Cooter & Gell,* 110 S.Ct. at 2462.

■ In certain circumstances, it may be appropriate for a district court to impose a sanction in the form of a fine. *See Donaldson,* 819 F.2d at 1557. "The district judge is free to fine an attorney for the court's time, but that fine must be based on court costs and paid to the clerk's office." *Magnus Elecs., Inc. v. Masco Corp.,* 871 F.2d 626, 634 (7th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 237, 107 L.Ed.2d 188 (1989). In the case before us, the district court added a footnote to its memorandum order stating that Rule 42(b) did not apply because the intent of the "fine" was to compensate the court for its time and was not in the nature of a criminal punishment.

■ Rule 11 does not permit a court to impose an arbitrary sum on the sanctioned attorney or party "merely to emphasize a point." *Magnus Elecs.,* 871 F.2d at 634. The court's use of the word "fine" in describing the sanction imposed on Ms. Torres is unfortunate. We agree with the Ninth Circuit that the term "monetary

sanction" is more descriptive and appropriate in differentiating a penalty of this kind from the common association of the word "fine" with a criminal penalty. *See Miranda,* 710 F.2d at 521. However, the standards employed by the district court for fixing the amount of monetary sanction in relating it to excess court time expended in deciding the issue, were appropriate. *See White,* 908 F.2d at 683–84.

 In her argument, Ms. Torres relies heavily on our decision in *Cotner v. Hopkins,* 795 F.2d 900 (10th Cir.1986), in which we identified an abuse of discretion in the court's imposition of a fine without affording the sanctioned party the procedural protections of Rule 42(b). However, we find the stated motivation of the district court in this case to be distinguishable from that found in *Cotner.* Our decision in *Cotner* was based on the fact that the court imposed a fine for a willful disregard of a court order, and further denied the litigant access to the courts until the fine was paid. We concluded this to be too burdensome without the more stringent due process afforded upon a finding of criminal contempt. *Id.* at 902.

We agree with the district court that the rationale of the Eleventh Circuit is more applicable to the facts in this case.

> Nothing in the text of Rule 11 or in the Advisory Committee Note indicates that due process requires a court to follow the procedures called for by Fed.R. Crim.P. 42(b) for criminal contempt proceedings before it can impose a monetary sanction pursuant to Rule 11. . . . [The] language does not support a general requirement that the procedures of Fed.R. Crim.P. 42(b) be followed every time a court considers imposing a monetary sanction.
>
> . . . A violation of Rule 11 is fundamentally different from an infraction of criminal contempt and therefore warrants different sanction proceedings.

*Donaldson,* 819 F.2d at 1558. *See also, Miranda,* 710 F.2d at 52 (a district court has authority to impose a monetary sanction absent a finding of contempt). The court in *Donaldson* further quotes 18

U.S.C. § 401 to define the boundaries of criminal contempt as " '(1) [m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) [m]isbehavior of any of its officers in their official transactions; and (3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command.' " *Donaldson,* 819 F.2d at 1559. We agree that these behaviors are much narrower in scope than the behaviors subject to sanction under Rule 11, and it would be counterproductive to the intent of the rule to require such procedures. *Id.; see also Mathews v. Eldridge,* 424 U.S. 319, 348, 96 S.Ct. 893, 909, 47 L.Ed.2d 18 (1976). Contempt is concerned with the order, dignity and decorum of a court, or the willful obstruction of justice. We hold that Ms. Torres' violation does not rise to this level.

### V.

In summary, while the district court's conclusion that sanctions were warranted under the circumstances of this case is not optimal, and, had we been the triers of fact, we might have chosen a different course of action, both in finding a violation and in deciding to sanction Ms. Torres, it is not our role "to second-guess the district court's Rule 11 determinations" absent an abuse of discretion. *Hughes,* 926 F.2d at 989. We conclude that there was no abuse of discretion in finding a violation and imposing an appropriate sanction. Appellant's request for oral argument is DENIED. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.