986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Dale McKINNEY, Petitioner-Appellant,
v.
Dennis COX, Parole Officer; Attorney General of the State
of Oklahoma, Respondents-Appellees.
 No. 92-6268.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1993.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Robert Dale McKinney appeals an order of the United States District Court for the Western District of Oklahoma dismissing his petition for habeas corpus pursuant to 28 U.S.C. § 2254 for failure to satisfy "frequent filer" preconditions. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 In 1988, McKinney was convicted of assault and battery in the District Court of Pottawatomie County, Oklahoma. After numerous attempts to obtain federal habeas corpus relief while his direct state appeal was still pending, the United States District Court for the Western District of Oklahoma established certain preconditions before McKinney could file future petitions. McKinney filed this petition on April 28, 1992, asserting that the state criminal court lacked jurisdiction over him and that he received ineffective assistance of appellate counsel. The court referred it to a Magistrate Judge, who concluded that McKinney had neither satisfied his preconditions nor exhausted his Sixth Amendment claim. The district court, after de novo review, adopted the Magistrate's findings and dismissed McKinney's petition. On motion for reconsideration, McKinney argued that the preconditions applied only to in forma pauperis filings, whereas he had paid the filing fee for the instant petition. The district court, however, found that the preconditions applied to all of McKinney's future habeas petitions, in forma pauperis or otherwise.
 
 
 4
 As to the scope of McKinney's preconditions, we agree that McKinney must satisfy those requirements in all of his habeas petitions, in forma pauperis or otherwise. The court clearly possessed authority to regulate any of McKinney's future petitions. See Cotner v. Hopkins, 795 F.2d 900, 902-03 (10th Cir.1986) (affirming habeas preconditions). While McKinney's preconditions arose out of his in forma pauperis abuses, they were made applicable to "future actions," not "future in forma pauperis actions." We decline to impose such a limitation at this time.
 
 
 5
 Petitioner's application for leave to proceed in forma pauperis on appeal and for Certificate of Probable Cause are GRANTED. The order of the district court dismissing his habeas corpus petitions for failure to satisfy preconditions is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3