991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles S. SHARROCK, Plaintiff-Appellant,
v.
Frank GUNTER, Executive Director, of the Colorado Department
of Corrections; Stanley Powell, Officer Foshee, Officer
McKibbon, Officer Ahart, Officer Renfrow, Officer Braden,
Officer Bodakian, Officer Godt, Officer Solano, Officer
Gentile, Officer Zuliano, Officer Nix, Officer Herbert,
Officer Cooper, Officer Carroll, Defendants-Appellees.
 No. 92-1274.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1993.
 
 D.Colo., No. 91-Z-744.
 D.Colo.
 AFFIRMED.
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff alleges denial of due process in his placement and classification within the prison, implementation of unwritten prison policies against him, deprivation of his personal property, and the withholding and censoring of mail in violation of his free exercise of religion. On appeal, he argues that the dismissal of his complaint violated his due process rights because the magistrate judge would not allow him to supplement the record at an evidentiary hearing, and that the dismissal also denied him equal protection.
 
 
 3
 Plaintiff was already incarcerated at the Centennial Correctional Facility (CCF) in Canon City, Colorado, when an Inmate Incentive Program (IIP) became effective December 1, 1990. He was in maximum administrative segregation at that time, and he was placed in Level 1 of the IIP, the most restrictive level of confinement. In the following months, he progressed to Level 3, was returned to Level 1, and then progressed a second time to Level 2. At that time, plaintiff requested to be returned to Level 1, where he apparently remains at this time. Doc. 29.
 
 
 4
 We agree with the district court that plaintiff's complaint asserting that his movements within the levels of administrative segregation require a formal hearing fails to state a claim for relief cognizable under 42 U.S.C. § 1983. We agree with the analyses contained in the magistrate judges' recommendations and adopted by the district court. An inmate may be classified within a prison facility for purposes of determining the conditions of incarceration without a hearing. Hewitt v. Helms, 459 U.S. 460, 468 (1983) ("[T]he transfer of an inmate to less amendable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence" and does not implicate due process.); Meachum v. Fano, 427 U.S. 215, 225 (1976) (Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another.").
 
 
 5
 Plaintiff's remaining allegations concerning denial of due process are conclusory and lack the specificity required to pursue a § 1983 suit. See Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). Plaintiff's vague assertions that an unwritten policy was implemented against him fail to identify any staff members who allegedly singled him out for mistreatment. Furthermore, because his allegation that he was deprived of personal property without due process is cognizable under Colorado law, Colo.Rev.Stat. § 24-10-106(1)(b), federal due process is not implicated. Hudson v. Palmer, 468 U.S. 517, 533-35 (1984); Durre v. Dempsey, 869 F.2d 543, 546 (10th Cir.1989).
 
 
 6
 Plaintiff's final allegations concern interference with his free exercise of religion in the withholding and censoring of religious mail. The magistrate judge ordered a Martinez report, which detailed CCF procedures for handling personal as well as legal mail. Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978); Doc. 29. Plaintiff's use of the mail system at CCF was at issue in the evidentiary hearing ordered by the magistrate judge. Docs. 40, 45. The government apparently presented evidence at that hearing supporting the finding that plaintiff's mail was neither being censored nor withheld and that any misdirection of his mail was not an intentional deprivation of his property.[1] Although plaintiff filed objections to the Martinez report and the magistrate judge's recommendations, the district court was satisfied that those recommendations were correct. Plaintiff has failed to state a claim for interference with his free exercise of religion or with his mail. His allegations are conclusory as to all defendants except Powell. As to Powell, the record supports the district court's finding as to a lack of evidence of intentional deprivation. Therefore, plaintiff's claims in this regard are not actionable. Furthermore plaintiff's pleadings, even if accepted as true, do not demonstrate more than a de minimis interference with plaintiff's mail. This de minimis imposition is not of constitutional significance. Ingraham v. Wright, 430 U.S. 651, 674 (1977).
 
 
 7
 We agree with the district court that plaintiff's complaint fails to state a claim for relief cognizable under 42 U.S.C. § 1983. We AFFIRM the district court's dismissal. Plaintiff's motion to remand is denied as moot.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district judge partially granted plaintiff the right to appeal in forma pauperis. That order required plaintiff to pay the cost of any transcript, which plaintiff failed to do. Therefore, we do not have the transcript of the 28 U.S.C. § 636(b)(1)(B) hearing available for review