17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry N. BODE, Plaintiff-Appellant,
v.
W. PARRILLI, Warden; Mr. James A.W.; Mrs. Wood, Supt. of
Ed.; Mr. Thorn, Asst. of Ed.; Ms. Hooker,
Library Monitor; R.H. Dimitt, Lt.; and
Mr. John Doe, Corrections
Officer, Defendants-Appellees.
 No. 93-1430.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 * Appellant Larry N. Bode filed a pro se complaint alleging that Colorado prison officials violated his civil rights. The precise details of Mr. Bode's complaint are difficult to ascertain. Mr. Bode apparently went to the prison library with a pass. Sometime thereafter Mr. Bode left the library, without a pass, to use the restroom in the hall. Mr. Bode was charged with being "out of bounds" without a pass and placed in punitive segregation for a period of five days. Mr. Bode accused Ms. Hooker, the prison library monitor, of moving the materials he left in the library. Mr. Bode sought more than one billion dollars in damages as well as a transfer to another facility.
 
 
 3
 Mr. Bode's case was referred to the magistrate judge who recommended dismissal of Mr. Bode's complaint. Mr. Bode filed timely objections to the magistrate judge's recommendation and sought de novo review by the United States District Court. The district court reviewed Mr. Bode's complaint and the magistrate judge's recommendation. The district court concluded Mr. Bode's complaint failed to state a claim upon which relief could be granted and accordingly dismissed the complaint with prejudice.
 
 
 4
 Mr. Bode, appearing pro se, now appeals the district court's dismissal of his complaint as well as its order finding his motion for appointment of counsel moot. For the reasons set forth below, we will affirm.
 
 II
 
 5
 "The sufficiency of a complaint is a question of law which we review de novo." Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). Dismissal of Mr. Bode's complaint is appropriate only if he can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 6
 A pro se litigant's complaint should be liberally construed to determine whether it can reasonably be interpreted to state a valid claim. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Even if the complaint is given a liberal construction, however, the pro se litigant still has the burden of pleading facts sufficient to support a legally cognizable claim. Hall, 935 F.2d at 1110. Mr. Bode has failed to do so.
 
 
 7
 Conclusory allegations that are not factually supported fail to state a claim for relief. Id.; see also Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). Mr. Bode's complaint contains only vague and conclusory statements, and no facts are given to support his allegations. Mr. Bode does not specify which of his constitutional rights were violated, nor does he state who violated his rights. The record on appeal does not support any claim by Mr. Bode that the named defendants violated his civil rights.
 
 
 8
 Mr. Bode's brief to this court is equal to his complaint. We quote the first two sentences of his brief as illustrative:
 
 
 9
 PLAINTIFF, LARRY N. BODE, being remiss of the exact date, in view of a NUMBER of GROSS, Wanton, and Malicious "INCIDENTS", all inclusive to MS. HOOKER. Federal Rules, Crivil [sic] Procedure Rule 8(a).
 
 
 10
 DEFENDANT MS. HOOKER, as a direct result of her by BIRTH, being born BLACK, has attributed this "FACT" to DISCRIMINATION, bias, Prejudice, and Bigotry, ignoring, the True Meandings [sic], and Understandings, that are transfixs [sic] to BIGOTRY, AS DOGMATIST, ZealotyHeterodrxy [sic], and Injustice, among OTHERS, to so elect to Ignore "INCOMPENTENCE " [sic], as to INABILITY, Inefficiency, Impotence, unfitness, incapability, and Unskillfullness TO HER PERSON.
 
 
 11
 We have not been persuaded the district court committed error. The judgment of the district court is AFFIRMED for substantially the same reasons set forth by the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470