52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William F. SCHLICHER, Plaintiff-Appellant,
v.
R.L. SMITH, in his individual, combined and several
capacity; John Callison; Raymond Roberts, in his
individual, combined and several capacity; Steven J.
Davies, in his individual, combined and several capacity;
(NFN) Hendrick, Captain; Gary Stotts; Michael A. Nelson,
Defendants-Appellees.
 No. 94-3336.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant William F. Schlicher ("Schlicher") is an inmate in the Kansas state prison system. He brings this action pro se under 42 U.S.C.1983 charging that Defendants-Appellees, various Kansas prison officials, conspired to seize and conceal legal materials that he needed in order to pursue pending legal actions and thereby deprived him of his constitutional right of access to the courts.[2] Schlicher appears to complain both of actions taken by individual defendants--allegedly in retaliation for a successful unrelated suit he had brought against prison officials[3]--as well as Kansas prison regulations that limit the legal materials prisoners may keep in their cells to those which fit into a box measuring 18" X 12" X 6" or into extra room prisoners may have in a second permitted personal property box. Schlicher requested monetary damages in excess of $486,955.50. The district court granted summary judgment for the Defendants, and we now affirm.[4]
 
 
 3
 Prison officials are required to protect the constitutional right of prisoners to access to the courts under the Fifth and Fourteenth Amendments. Bounds v. Smith, 430 U.S. 817, 821-22 (1977). Officials can safeguard that access either by providing inmates an adequate law library or adequate assistance from persons trained in the law. Id. at 828. Similarly, officials cannot affirmatively obstruct a prisoner's attempts to prosecute a claim. Green v. Johnson, 977 F.2d 1383, 1389 (10th Cir.1992). However, prisoners' right of access to the courts--like other constitutional rights of prisoners--may be limited by reasonable restrictions which further legitimate penological concerns. See Turner v. Safley, 482 U.S. 78, 87-91 (1987); Bell v. Wolfish, 441 U.S. 520, 546-47 (1979). Applying these standards, we agree with the district court's determination that Schlicher failed to create any material dispute of fact on an issue that would entitle him to relief and that Defendants are entitled to judgment as a matter of law.
 
 
 4
 Schlicher has not shown that he has been effectively deprived of his right of access to the courts by either the actions of individual defendants or the prison regulation limiting the legal materials he can keep in his cell.[5] As a starting matter, Schlicher does not complain of any lack of access to a law library or persons trained in the law. He does allege that officials destroyed or concealed his legal materials, but provides no evidence to support those allegations or his contention that Defendants retaliated against him for his success in other litigation. Conclusory allegations unsupported by underlying facts cannot sustain a cause of action. Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986).
 
 
 5
 Similarly, Schlicher has failed to establish that the limit on the amount of materials that he can keep in his cell has impacted his ability to prosecute any litigation. Schlicher identified one appeal that was dismissed for lack of prosecution, but, as the district court found, did not link that dismissal to his lack of access to legal materials in any way. We note also that the record reveals that Schlicher was able to ship those materials he could not keep in his cell to an attorney, and that he has not identified any particular documents that he could not access at all. Moreover, as a general matter, the limitation on legal materials a prisoner can keep in a cell appears reasonably related to legitimate penological concerns. This Circuit specifically upheld a regulation limiting the amount of legal materials prisoners are permitted to keep in their cells to two cubic feet in Green. 977 F.2d at 1390. Although fewer legal materials are permitted here than in Green, the limitation still is related to the goals of fire safety and maintaining institutional security. In fact, the policy was initially adopted after an inspection by the Kansas State Fire Marshall in 1988 revealed that excess combustibles were being kept in inmate cells at the Lansing Correctional Facility, at which Schlicher was incarcerated at that time. Accordingly, we conclude that Schlicher has failed to sustain an attack against the Kansas regulation in general or as applied to him.
 
 
 6
 For the foregoing reasons, we conclude that Defendants are entitled to summary judgment, and the decision of the district court is AFFIRMED. The Mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Schlicher originally filed two separate actions, which were consolidated by the district court
 
 
 [3]
 In particular, Schlicher obtained a judgment in a state habeas corpus action that he was entitled to access to legal materials while housed in segregation. The state court found that right satisfied by the Kansas Department of Corrections' adoption of a new administrative rule providing for such access
 
 
 [4]
 The district court also denied Schlicher's application to proceed with this appeal in forma pauperis pursuant to 28 U.S.C.1915(a). We now grant Schlicher's application
 
 
 [5]
 As a threshold matter, we also hold that Schlicher's claim for monetary damages against Defendants in their official capacity must fail, because suing a public official in his or her official capacity is like suing a state, and states are not suable "persons" under 42 U.S.C.1983. See Will v. Michigan, 491 U.S. 58, 64 (1989)