**UNITED STATES COURT OF APPEALS**

**Filed 7/30/96**

**TENTH CIRCUIT**

ISA ABDULLAH RAMADAN
SHABAZZ,

     Petitioner-Appellant,

v.

R. MICHAEL CODY,

     Respondent-Appellee.

No. 96-6092
(D.C. No. CV-95-1216)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

This is an appeal from an Order of the district court denying Petitioner leave to proceed *in forma pauperis* in this 28 U.S.C. § 2254 proceeding. In denying petitioner *in forma pauperis* status, the district court relied on the findings and recommendation of a magistrate judge. The magistrate recommended that petitioner's Motion for Leave to Proceed In Forma Pauperis be denied on the grounds that petitioner failed to satisfy

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

certain preconditions to filing this action. See Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986) (the federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored preconditions on a plaintiff's ability to bring future actions). The magistrate relied on the Order entered in Shabazz v. Kaiser, CIV-88-2239-R, Western District of Oklahoma (Opinion and Order, February 16, 1989), which set forth five preconditions for the filing by petitioner of future actions: (1) he must carry a stronger burden of proof that he is economically unable to pay filing fees; (2) he must demonstrate to the court that this action is commenced in good faith and not malicious or without arguable merit; (3) his pleadings must be certified as required by Fed. R. Civ. P. 11; (4) he must include in every petition a list of each previous action filed including the party or parties sued, the basis for the claim, the final disposition, the court in which it was filed and the dates of the filing and disposition; and (5) he must send all pleadings to the respondents and provide the court with proof of service. We have upheld these specific preconditions as "clearly the type of carefully tailored restrictions contemplated by the various courts that have addressed the question of restraints on abusive litigants." Cotner, 795 F.2d at 902.

When this action was assigned to the magistrate judge for consideration of petitioner's Motion for Leave to Proceed In Forma Pauperis the magistrate reviewed the complaint and materials submitted by Petitioner and determined that he had failed to satisfy preconditions 2, 3 and 4. Upon request of the district court, the magistrate made

more detailed supplemental findings to support its conclusion that petitioner had not met the required preconditions. After reviewing these supplemental findings, materials submitted by petitioner and the express language of the 1989 Order, the district court concluded that the magistrate judge correctly denied petitioner leave to proceed *in forma pauperis*. On review of the record before us, we **AFFIRM** the district court's Order denying petitioner leave to proceed *in forma pauperis* for substantially the same reasons as set forth therein, as well as the reasons set forth in the magistrate's findings and recommendation. The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge