**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAUL McWILLIAMS,

     Plaintiff-Appellant,

v.

CARMEN SCHOENEMAN, JOHN DOE #1,
JOHN DOE #2,

     Defendants-Appellees.

No. 96-1371
(D.C. No. 95-S-2353)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Paul McWilliams, an inmate in the custody of the Colorado Department of Corrections at the time he initiated this lawsuit, appeals from the district court's grant of summary judgment in favor of Defendants Carmen Schoeneman and John Does #1 and #2 on his civil action brought pursuant to 42 U.S.C. § 1983 (1994).

On appeal, Mr. McWilliams contends the defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights by opening and reading his mail. He also asserts the district court erred by not granting him a jury trial on his claims, and by denying his motion for discovery.

We review the district court's discovery ruling for an abuse of discretion. *GWN Petroleum Corp. v. OK-Tex Oil & Gas, Inc.*, 998 F.2d 853, 858 (10th Cir. 1993). On appeal, Mr. McWilliams presents no facts, argument or law showing the district court's ruling to have been an abuse of discretion. He simply states in conclusory fashion that the district court's denial of his motion limited his ability to present his case. Although we construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), that leniency does not entitle *pro se* litigants to review of conclusory assertions of district court error. *See Drake v. Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or

theories for the plaintiff in the absence of any discussion of those issues.");

*Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (district court properly

dismissed action because *pro se* litigant's allegations were conclusory and

unsupported by underlying facts). Accordingly, because Mr. McWilliams presents

no arguments showing the district court's denial of his motion for discovery was

an abuse of discretion, we affirm the district court's ruling. *See Murrell v.*

*Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaints that fail

to frame and develop an issue are insufficient to invoke appellate review).

Our standard of review of the district court's grant of summary judgment is

*de novo*. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). "'Summary

judgment is appropriate if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law.'" *Id.* (quoting *Wolf v. Prudential Ins. Co. of Am.*, 50

F.3d 793, 796 (10th Cir. 1995)).

The magistrate judge who reviewed Mr. McWilliams' claims recommended

the district court grant the Defendants' motion for summary judgment. The

magistrate judge reasoned that, because Mr. McWilliams' mail was not "legal

mail," the Defendants were authorized to open and read it. Further, the magistrate judge found the Defendants were authorized to seize the letter at issue because it threatened the security of the prison facility. Accordingly, the magistrate judge concluded the Defendants did not violate Mr. McWilliams' rights to freedom of speech, privacy or due process. After review of the record, we affirm the district court's grant of summary judgment to the Defendants for substantially the reasons stated in the magistrate judge's recommendation, a copy of which we attach hereto. Further, because the district court granted summary judgment in favor of the Defendants, Mr. McWilliams had no right to present his claims to a jury. *See* Fed. R. Civ. P. 56 (authorizing the grant of summary judgment).

We **AFFIRM** the district court's holding.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge