13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael BUNTON, Sr., Plaintiff-Appellant,
v.
Frank O. GUNTER, Mr. Gasko, Sullivan, Lou Hesse, Frank
Miller, Mark McKenna, Nolan Renfrow, Denise Neal, Irving G.
Jaquez, Ben Griego, Capt. K. Gregg, Tom Cooper, Capt.
Rector, Eddie Caley, Case Manager, Defendants-Appellants.
 No. 93-1204.
 United States Court of Appeals,
 Tenth Circuit.
 Nov. 30, 1993.
 
 1
 Before SEYMOUR, ANDERSON and EBEL, C.J.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 3
 This is a pro se civil rights action brought pursuant to 42 U.S.C.1983. The Plaintiff-Appellant, Michael Bunton, Sr. ["Bunton"], an inmate at Colorado's Centennial Correctional Facility, alleges that Colorado Department of Corrections ["DOC"] personnel deprived him of due process and equal protection rights when they transferred him from maximum security/general population to maximum security/administrative segregation in October 1992. The district court dismissed Bunton's complaint, concluding that (1) Colorado DOC Regulations do not create a liberty interest in a specific prison classification; (2) the DOC complied with its procedures in considering Bunton's transfer to administrative segregation; (3) earned time credits under Colo.Rev.Stat. 17-22.5-302 for inmates who committed crimes after July 1, 1979 are discretionary; (4) Bunton does not have a liberty interest in earning good time credits while in administrative segregation under Colo.Rev.Stat. 17-22.5-301(4); (5) Bunton does not enjoy a constitutional right to prison employment while in administrative segregation; (6) Bunton does not enjoy a liberty interest in maintaining eligibility for sentence commutation; and (7) Bunton's equal protection claim was vague and conclusory. We treat the district court's order as a dismissal under 28 U.S.C.1915(d) and we affirm.[2]
 
 I.
 
 4
 The recommendation of the magistrate provides a full recitation of the pertinent facts in this matter. To summarize, Bunton was incarcerated as a maximum security/general population inmate at Centennial when he received notice in September 1992 that Centennial would no longer house maximum security/general population inmates. The prison reviewed all maximum security/general population inmates for transfer to either another general population facility or placement in administrative segregation. On October 26, 1992, the Warden's Classification Committee informed Bunton that he would not be transferred to another general population facility due to an "assault in 1990, fighting in 1991, and [a] continued pattern of assaultive behavior." Record on Appeal, Tab 9 at 2. On October 29, 1992, an administrative segregation hearing was conducted and Bunton was assigned to administrative segregation. After Bunton's administrative appeal was denied, he filed this 1983 action, alleging due process and equal protection violations arising from the administrative hearing and the assignment to administrative segregation.
 
 II.
 
 5
 We review the district court's dismissal of Bunton's complaint under 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A claim is frivolous when it is "based on an indisputable meritless legal theory' " or when its factual allegations are "clearly baseless." Northington v. Jackson, 973 F.2d 1518, 1520 (10th Cir.1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Because Bunton is a pro se litigant, we construe his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ruark v. Solano, 928 F.2d 947, 948 (10th Cir.1991).
 
 
 6
 We conclude that the district court correctly dismissed Bunton's due process and equal protection claims. With regard to Bunton's due process claim, the Supreme Court explains that "[l]iberty interests protected by the Fourteenth Amendment may arise from two sources--the Due Process Clause itself and the laws of the States." Hewitt v. Helms, 459 U.S. 460, 466 (1983). In Meachum v. Fano, 427 U.S. 215, 225 (1976), the Court held that the "Due Process Clause in and of itself" does not apply to the transfer of a prisoner from one institution to another. Colorado's Department of Corrections regulations similarly do not create a liberty interest in prison classification because the classification officer and the committee charged with conducting the administrative hearing are empowered with broad discretion pursuant to DOC Regulation 600-2(6)(a): "[A] transfer shall be ordered in the sound exercise of discretion...." See Meachum, 427 U.S. at 226-227 (concluding that inmate's transfer did not implicate the Due Process Clause because Massachusetts law did not contain mandatory language regarding inmate transfers).
 
 
 7
 In addition, we agree with the magistrate's recommendation that Bunton received the requisite notice for Administrative Segregation under DOC Regulation 600-2(6)(e). Contrary to Benton's assertion, the DOC Regulations also permit a classification officer rather than a three member committee to preside over the administrative segregation hearing. DOC 600-2(5) ("The classification officer shall have the same authority as the classification committee...."). Nor has Bunton alleged sufficient facts to overcome a 1915(d) dismissal in claiming that the classification officer was biased or prejudiced in assigning Bunton to administrative segregation. Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986) (district court properly dismissed inmate's conclusory and vague allegations). The DOC also enjoyed the discretion to prevent Bunton's request for witnesses to appear during the administration segregation hearing because the classification officer stipulated to the facts asserted by Bunton and the witnesses' testimony would therefore be irrelevant and unnecessary under DOC Regulation 600-2(6)(i)(3). Finally, we agree that DOC Regulation 600-2(6)(j)(2) does not guarantee an inmate the right to receive representation during an administrative segregation hearing.
 
 III.
 
 8
 We turn next to Bunton's allegations that the DOC deprived him of earned time credits, good time credits, the right to a prison job assignment, and eligibility for sentence commutation. Pursuant to Colo.Rev.Stat. 17-22.5-302, earned time credits may be deducted from an inmate's sentence at the discretion of the DOC.[3] In fact, the earned time deduction does not vest until the DOC grants the deduction. Id. We therefore reject Bunton's assertion that he had acquired a vested right to receive earned time credits.
 
 
 9
 Nor do we accept Bunton's contention that his assignment to administrative segregation has unconstitutionally deprived him of a liberty interest in a continued ability to earn good time. By its express terms, Colo.Rev.Stat. 17-22.5-301(4) empowers the DOC to deny inmates the opportunity to earn good time credits during certain portions of their imprisonment.[4] Because the gravamen of Bunton's good time credits complaint is that his assignment to administrative segregation has foreclosed the opportunity to earn good time credits, rather than that the DOC has withdrawn vested good time credits that he has earned to date, we conclude that Bunton's due process claim regarding good time credit is "based on an indisputable meritless legal theory.' " Northington, 973 F.2d at 1520.
 
 
 10
 Next, the district court properly dismissed Bunton's claim to keep the prison job he performed prior to his administrative segregation. "Colorado law does not create a protected property or liberty interest to either [prison] employment in any particular job or continued [prison] employment in any particular job." Ingram v. Papalia, 804 F.2d 595, 597 (10th Cir.1986) (interpreting Colo.Rev.Stat. 17-24-102 & 17-24-102(1)). Accordingly, Bunton's ineligibility for prison employment due to his administrative segregation assignment does not rise to the level of a constitutional violation.
 
 
 11
 Finally, we reject Bunton's due process claim that the DOC deprived him of a liberty interest in preserving his eligibility for sentence commutation. Sentence commutation is in the sole discretion of the governor and neither Colorado statutes nor DOC regulations create a liberty interest in eligibility for all persons incarcerated at a DOC facility. See Colo.Rev.Stat. 16-17-101 & 102; DOC Regulation 150-2(IV)(A)(4). In fact, DOC Regulation 150-2(IV)(A)(4) expressly states that "Inmates housed in Administrative Segregation are ineligible for commute consideration."
 
 
 12
 Accordingly, we affirm the district court's dismissal of Bunton's myriad due process claims.
 
 IV.
 
 13
 Bunton lastly invokes the Equal Protection Clause to challenge his administrative segregation assignment on the grounds that similarly situated inmates at Centennial received transfers to other general population facilities. The DOC informed Bunton that his assignment to administrative segregation arose from an "assault in 1990, fighting in 1991 and [a] continued pattern of assaultive behavior." Record on Appeal, Tab 9 at 2. Because Bunton fails to specify that inmates transferred to other general population facilities had similar conduct records, we agree with the district court that Bunton's equal protection claim is conclusory and unsupported by underlying facts. Cotner v. Hopkins, 795 F.2d at 902; Wise v. Bravo, 666 F.2d 1328 (10th Cir.1981).
 
 
 14
 The district court's order dismissing Bunton's complaint is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We acknowledge receipt of Bunton's motion to supplement the record on appeal. Given the district court's authority under 28 U.S.C.1915(d) to dismiss sua sponte an in forma pauperis proceeding, we deny Bunton's request to remand this matter for the sole purpose of further developing the record. In addition, we deny Bunton's motion to consolidate this action with Walker v. Hesse, et. al, D.C. No. 92-M-2513
 We also reject Bunton's challenge to the jurisdiction of the magistrate judge to issue a recommendation to the district court. Pursuant to Rule 72.4 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter was properly referred to Magistrate Judge O. Edward Schlatter. Bunton's attempt to invoke a three-judge court under 28 U.S.C. 2284 ignores that three-judge courts are only convened when specifically authorized by an Act of Congress or when a party challenges the constitutionality of the apportionment of congressional districts or statewide legislative bodies.
 
 
 [3]
 Colo.Rev.Stat. 17-22.5-302 provides:
 (1) In addition to the good time authorized in section 17.22.5-301, earned time, not to exceed thirty days for every six months of incarceration, may be deducted from the inmate's sentence upon a demonstration to the department by the inmate that he has made substantial and consistent progress in [several categories]. (emphasis added).
 
 
 [4]
 Colo.Rev.Stat. 17-22.5-301(4) provides:
 (4) Nothing in this section shall be construed as to prevent the department from withholding good time earnable in subsequent periods of sentence, but not yet earned, for conduct occurring in a given period of sentence.