19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
John SIMONET, Director of Corrections, Denver County Jail,
Denver, Colorado; Gale A. Norton, Attorney
General of the State of Colorado,
Respondents-Appellees.
Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
STATE of Colorado; John Simonet, Director of Corrections,
Denver County Jail, Denver, Colorado,
Respondents-Appellees.
Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
John SIMONET, Director of Corrections, Denver County Jail,
Denver, Colorado; Gale A. Norton, Attorney
General of the State of Colorado,
Respondents-Appellees.
Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
STATE of Colorado; John Simonet, Director of Corrections,
Denver County Jail, Denver, Colorado,
Respondents-Appellees.
Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
John SIMONET, Director of Corrections, Denver County Jail,
Denver, Colorado; Department of Corrections;
State of Colorado, Respondents-Appellees.
Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
Frank GUNTER, Director of the Colorado Department of
Corrections, Respondent-Appellee.
 Nos. 93-1148, 93-1149, 93-1150, 93-1151, 93-1152, 93-1153.
 United States Court of Appeals, Tenth Circuit.
 March 15, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Clovis Carl Green, Jr. has filed these appeals seeking redress from final orders of the district court, all of which denied Green habeas relief. The district court also imposed restrictions on Green's future filings. We exercise jurisdiction under 28 U.S.C. 1291 and affirm in part and reverse in part.
 
 FACTS
 
 3
 Green was arrested in February 1992 on charges of first degree sexual assault. He was convicted in September 1992 and sentenced to life imprisonment as a habitual criminal. His direct appeal is currently pending before the Colorado Court of Appeals. These six actions were filed between March 1992, while Green was incarcerated in the Denver County Jail awaiting trial, and December 1992, after he had been convicted and sentenced.
 
 RIGHT TO A SPEEDY TRIAL
 
 4
 Green filed Nos. 93-1148 and 93-1149 as pre-trial habeas petitions. In No. 93-1148, Green alleged his Sixth Amendment right to a speedy trial had been violated. He alleged that Colo. Rev. Stat. 18-1-405(1) was unconstitutional because it violated the Sixth Amendment guarantee of a speedy trial in that the statute provided that the right to a speedy trial does not attach until the entry of a plea of not guilty. Green contends the right should attach at the time of arrest. Green requested a temporary injunction enjoining the state from refusing to calculate speedy trial rights as of the date of arrest. In No. 93-1149, Green raised the same issue and requested that the state be ordered to bring him to trial within 120 days.
 
 
 5
 The magistrate judge construed Green's petitions as being brought pursuant to 28 U.S.C. 2241. A criminal defendant may bring a pre-trial habeas action in federal court pursuant to 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973). In federal court, a petitioner may not seek "to forestall a state prosecution, but to enforce the [State]'s obligation to provide him with a state court forum." Id. at 491; see also Capps v. Sullivan, 13 F.3d 350, 354 (10th Cir.1993)(by filing pre-trial habeas writ, defendant is seeking " 'to force the state to go to trial' " (quoting Atkins v. Michigan, 644 F.2d 543, 547 (6th Cir.), cert. denied, 452 U.S. 964 (1981)).
 
 
 6
 Pre-trial habeas relief is not available to consider a claim that the state is barred from trying petitioner because it violated his Sixth Amendment right to a speedy trial. See Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir.), cert. denied, 484 U.S. 956 (1987). Thus, the district court here had jurisdiction over Green's claim only to the extent he was seeking to force the state to try him.
 
 
 7
 However, a petitioner advancing pre-trial claims of constitutional violations, while not mandated by statute, must, as a matter of comity, exhaust those claims prior to bringing the 2241 federal action. See United States v. Castor, 937 F.2d 293, 296-97 (7th Cir.1991); see also Braden, 410 U.S. at 488-90. The magistrate judge recommended dismissal of Green's petitions because he had not shown exhaustion. The magistrate judge further noted that a trial date had been set. The district court adopted the magistrate judge's recommendation.
 
 
 8
 Because Green has since been tried and sentenced, we abstain from exercising jurisdiction over this issue. Green's speedy trial issue can and must be considered first by the state. See Capps, 13 F.3d at 354 n. 2 (" 'federal courts should abstain from the exercise of ... jurisdiction if the issues raised in the [2241] petition may be resolved either by trial on the merits in the state court or by other state procedures ...' " (quoting Dickerson, 816 F.2d at 225)). If Green desires to pursue his speedy trial issue, he must raise the issue first on direct appeal as a federal defense to his conviction before raising it in federal court in a habeas petition. See Braden, 410 U.S. at 488-90.
 
 POST-TRIAL APPELLATE DELAY
 
 9
 In his other four petitions, one of which was filed prior to trial, while the other three were filed after his conviction, Green raised issues concerning errors made by the trial court before and during his trial. As with his speedy trial issue, Green must exhaust these issues prior to raising them in a federal habeas action. See 28 U.S.C. 2254(b).
 
 
 10
 Green argues he should not be required to exhaust because appellate review in Colorado requires four or more years to complete. Green cites Harris v. Champion, 938 F.2d 1062 (10th Cir.1991)(Harris I ), to support his contention.
 
 
 11
 In Harris I, this court noted that exhaustion of state court remedies would not be required where circumstances exist which cause that process to be "ineffective to protect the rights of the prisoner." Id. at 1064 (quoting 2254(b))(emphasis omitted). On appeal after remand, we held that a rebuttable presumption will arise that the state's appellate process is not effective, and that State court remedies need not be exhausted, if the petitioner's direct criminal appeal has been pending for more than two years without final resolution by the State. Harris v. Champion, Nos. 93-5123, 93-5209, 1994 WL 19625, at * 1, 13 (10th Cir. Jan. 26, 1994)(Harris II ).
 
 
 12
 Green was convicted September 18, 1992. His notice of appeal, therefore, was filed sometime after that date and has now been pending for substantially less than the two-year presumptive period we established in Harris II.[2] Green has yet to suffer any cognizable injury, presumptive or actual, related to the length of the appellate process in his case. We will not address this issue absent injury.
 
 SANCTIONS
 
 13
 In Nos. 93-1149 through 93-1153, the magistrate judge recommended imposing sanctions for the purpose of limiting Green's future filings. See Magistrate judge's recommendation, No. 92-N-1630 at 9-10 and App. B (filed Dec. 9, 1992). In making this recommendation, the magistrate judge noted Green's litigiousness. See Magistrate judge's recommendation, App. A. (identifying cases Green had filed in district court); see, e.g., In re Green, 669 F.2d 779, 781-85 (D.C.Cir.1981). The magistrate judge also noted that while Green will pay the $5.00 filing fee set for habeas cases, he proceeds in forma pauperis in civil cases where the filing fee is $120.00.
 
 
 14
 The magistrate judge concluded that Green should be prohibited from commencing civil actions in the district court without either being represented by counsel or first obtaining leave of the court to proceed pro se. The magistrate judge outlined the procedures Green should follow in seeking such leave. The magistrate judge also recommended Green be prospectively denied leave to proceed in forma pauperis. The district court adopted the magistrate judge's recommendation and imposed the recommended sanctions. While we affirm the court's decision to impose sanctions, we do have some concern as to the breadth of the sanctions imposed in that the sanctions appear to violate Green's statutory and constitutional right of access to the courts. See, e.g., Green, 669 F.2d at 785.
 
 
 15
 The district court prospectively denied Green leave to proceed in forma pauperis. The court also required that at the time Green files any lawsuit, whether represented by an attorney or when requesting leave to proceed pro se, he must tender the required fees by money order, cashier's check or certified check.
 
 
 16
 "[P]risoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). However, "an indigent person has no constitutional or other right of access to the courts to prosecute" duplicative, malicious, frivolous, or harassing actions, Phillips v. Carey, 638 F.2d 207, 209 (10th Cir.), cert. denied, 450 U.S. 985 (1981). Therefore, " ' "onerous conditions" may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved. The conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts.' " Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989)(quoting Cotner v. Hopkins, 795 F.2d 900, 902-03 (10th Cir.1986)(citations omitted)).
 
 
 17
 Here, prospectively denying Green in forma pauperis status "appears to be an absolute precondition to future filings, and consequently a possible total bar to [Green]'s access to courts." Cotner, 795 F.2d at 903.[3] "[S]anctions cannot result in total preclusion." Id. By prospectively denying Green in forma pauperis status, the district court in effect imposed an irrebuttable presumption that all of Green's filings will be duplicative, frivolous, or malicious. This it cannot do. See Green, 669 F.2d at 785-86.
 
 
 18
 We, therefore, reverse that part of the district court's order requiring Green to tender the necessary fees at the time he submits an action for filing. On remand, the court may impose a stronger burden of proof on Green to show that he is economically unable to pay the filing fees. See Cotner, 795 F.2d at 903 (when prepayment of sanction has effect of restricting filing of future actions, findings must be made to determine whether litigant is able to make such payment so as to avoid absolute preclusive effect on access to courts). However, the court may not absolutely bar Green from proceeding in forma pauperis absent a finding that he has sufficient funds to pay the required fees. We do not view Green's ability to pay the $5.00 filing fee in habeas cases as inconsistent with his inability to pay the much greater $120.00 filing fee required in other civil cases.
 
 
 19
 The district court also ordered Green to submit an affidavit with all proposed filings stating that the claim or claims he wishes to advance "never before have been raised by him and disposed of by any federal or state court." Magistrate judge's recommendation, App. B at 18. We presume that the reviewing judge will permit Green to properly advance, in accordance with 28 U.S.C. 2254, all claims alleging violations of federal constitutional principles that have been properly raised and exhausted in state court.
 
 
 20
 The district court also provided that if the court determines Green may file a petition and proceed pro se, "the Clerk of the Court shall cause the pleading and materials to be filed as of the date of the order" permitting the filing of the petition. Magistrate judge's recommendation, App. B at 20. Our concern here is that Green should not be deprived of the chance to pursue a facially nonfrivolous cause of action because the statute of limitations may have run between the time he filed his petition or complaint and the district court's determination that Green may pursue that action. The better course of action may be to file such actions nunc pro tunc to the date of filing.
 
 
 21
 The judgment of the United States District Court for the District of Colorado in No. 93-1148 is AFFIRMED. The judgments in Nos. 93-1149 through 93-1153 are AFFIRMED in part and REVERSED in part and the cause REMANDED for modification of the district court's order imposing sanctions in accordance with this order and judgment. All outstanding motions are DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We did note in Harris II, that occasionally we would apply the presumption when a delay has been pending for less than two years. Id. at Green has presented no reasons for applying that exception here
 
 
 [3]
 We do not read the Supreme Court's order in Sassower v. Mead Data Cent. Inc. (In re Sassower), 114 S.Ct. 2, 3 (1993), as authorizing other courts to similarly prohibit abusive pauper litigants from exercising their constitutional right to file civil lawsuits in the federal court system