73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
COLORADO, STATE of; John Simonet, Director, Denver County
Jail, Respondents-Appellees.
Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
John SIMONET, Director; Dept. of Corrections, Director,
Colorado, Respondents-Appellees.
Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
John SIMONET, Director, Denver County Jail; Colorado, State
of, Respondents-Appellees.
Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
Frank GUNTER, John Gunther Director of the Colorado
Department of Corrections, Respondent-Appellee.
Clovis Carl GREEN, Jr., Petitioner-Appellant,
v.
John SIMONET, Director; Gale Norton, Attorney General of
Colorado, Respondents-Appellees.
 Nos. 94-1198, 94-1199, 94-1201, 94-1202, 94-1203.
 United States Court of Appeals, Tenth Circuit.
 Jan. 3, 1996.
 
 Before SEYMOUR, Chief Judge, MCKAY, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Clovis Carl Green, Jr. appeals from orders of the district court denying his requests that the court modify orders entered following a remand from this court. See Green v. Simonet, 19 F.3d 1443 (10th Cir.1994)(Table). In Green, Green argued the district court had erroneously imposed sanctions on him.[2] This court affirmed the imposition of sanctions except for the requirement that petitioner be prospectively denied leave to proceed in forma pauperis. On remand, the district court modified the sanctions orders accordingly.
 
 
 3
 Green, thereupon, filed a motion in district court seeking a ruling that the procedures set forth in the sanctions orders were unconstitutional. The district court denied the motion on the ground that Green was using the current cases as a means to litigate other cases, which apparently had not yet been filed.
 
 
 4
 On appeal, Green argues he cannot comply with the sanctions requirement that he list all prior cases he has filed[3] including a statement of his involvement in the case and the judgment issued because (a) his legal papers were lost by prison officials when he was moved; (b) he is permitted only one box of legal papers; (c) he is permitted to possess only court documents relating to cases currently pending; and (d) courts in which he has previously filed cases have refused to provide the required materials free of charge. Green argues that requiring the listing of prior cases obstructs his access to the courts and is irrelevant to his current cases. He asserts the requirement was imposed as reprisal against him for exercising his constitutional rights and no information supports the court's conclusion that he knowingly filed frivolous suits. Finally, Green argues the district court has not complied with the order because the clerk has not docketed his petitions and the magistrate judge has not ruled on them.
 
 
 5
 We agree with the district court that Green has chosen the wrong forum to pursue these issues. Green cannot now collaterally attack issues regarding the sanctions order which he should have raised on direct appeal. See Dow Chem. Corp. v. Weevil-Cide Co., 897 F.2d 481, 486 n. 4 (10th Cir.1990) (on remand, party may not assert non-jurisdictional issues not raised in earlier proceedings).
 
 
 6
 Further, if Green should continue to attempt to collaterally attack these sanctions, we will summarily dismiss any appeals related to these attacks and may impose sanctions in this court. Green's collateral and unnecessary litigation is part of what motivated the district court to impose sanctions initially.
 
 
 7
 During the pendency of these appeals, Mr. Green filed a habeas petition attacking his present conviction on federal constitutional grounds. The trial court dismissed for failure to comply with the sanctions. This court will address the practical application of the sanctions in that appeal which is No. 95-1079.
 
 
 8
 The judgments of the United States District Court for the District of Colorado are AFFIRMED. Petitioner's motions to consolidate these appeals, to waive the filing of copies of his brief, for in forma pauperis status on appeal, and for a certificate of probable cause are GRANTED. All other outstanding motions are DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Green also argued his right to a speedy trial had been violated because Colo.Rev.Stat. 18-1-405(1) was unconstitutional. We affirmed the district court's dismissal of this claim for failure to exhaust. Green further argued he should not be required to exhaust claims regarding various other alleged trial errors because the state appellate process was ineffective citing Harris v. Champion, 938 F.2d 1062 (10th Cir.1991). Failing to find that Green had yet suffered any cognizable injury, we declined to address this issue
 
 
 [3]
 Green estimates he has filed over 1000 cases during the past twenty-five years