**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Vandale TAYLOR, Defendant–Appellant.**

No. 93CA0359.

Colorado Court of Appeals, Div. V.

June 2, 1994.

Rehearing Denied June 30, 1994.

Certiorari Denied Jan. 17, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

■ Defendant, Vandale Taylor, appeals the denial of his motion for additional presentence confinement credit. We affirm.

Defendant was arrested on November 14, 1991, on charges related to an incident of domestic violence. On January 28, 1992, defendant entered a guilty plea to an added count of menacing, and the initial charges were dismissed.

He was sentenced on February 4, 1992, to two years at the Department of Corrections, plus a period of parole, and he was awarded credit for seven days of presentence confinement. The sentence was ordered to run concurrently with an eighteen-month sentence previously imposed in another case.

This previous sentence was imposed on November 25, 1991, 11 days after defendant's arrest for the charges filed in this case. Defendant remained incarcerated in the county jail throughout this entire period.

Defendant subsequently filed, *pro se*, a motion for additional presentence confinement credit. He argued that he was entitled to an additional seventy-five days of credit for the period that he was incarcerated after his arrest and up until he was sentenced on the menacing conviction. The court granted the defendant an additional four days of credit to include that period from his arrest until the date he was sentenced in the unrelated case for which he was serving the concurrent sentence. However, the court denied his motion for any additional presentence confinement credit.

Defendant contends the court erred in denying his motion for additional presentence confinement credit. He maintains that because the two-year sentence imposed in this case and the eighteen-month sentence imposed in the unrelated case were ordered to be served concurrently, the period of presentence confinement should be credited against each sentence. We disagree.

Section 16–11–306, C.R.S. (1993 Cum. Supp.) provides, in pertinent part:

A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled....

■■ A defendant is entitled to have deducted from his sentence that period of presentence confinement actually caused by the conduct that forms the basis of the sentence. The conduct need not be the exclusive cause of the defendant's confinement, but there must be a substantial nexus between the conduct and the period of confinement for which credit is sought. *Schubert v. People*, 698 P.2d 788 (Colo.1985). However, duplicative sentence credits are not the result intended by § 16–11–306, C.R.S. (1993 Cum. Supp.) and, hence, should not be granted. *People v. Johnson*, 797 P.2d 1296 (Colo.1990).

**304**

In this case, the defendant has not proven, and the record does not establish, a substantial nexus between this menacing charge and defendant's presentence imprisonment on the unrelated charge for more than the eleven days for which he was given credit. Because defendant was already serving a sentence as a result of independent criminal conduct in another case, and the menacing charge was not the cause of that confinement, he is not entitled to receive additional credit for his presentence imprisonment on the menacing charge.

Contrary to defendant's contention, the fact that the sentence on the menacing conviction was ordered to run concurrently to a previously imposed sentence does not require that additional credit be awarded.

In *Schubert v. People, supra,* our supreme court determined that, in the case of concurrent sentences imposed for multiple counts filed at the same time, a defendant is entitled to credit for each of the sentences.

However, if the record demonstrates "that a particular period of confinement served prior to the imposition of sentence is not attributable to the charge or conduct for which a sentence is to be imposed, neither is the offender entitled to credit for such confinement nor does the sentencing judge err by denying credit under such circumstances." *Schubert v. People, supra,* 698 P.2d at 796.

The record before us in this case is sparse. There is no evidence as to whether bond was considered. Here, it is not argued, and there is no record support, for the proposition that defendant would have necessarily remained incarcerated on the charges filed in this case even if he were not serving the unrelated sentence.

Absent proof that defendant's confinement beyond the 11 days was not solely attributable to the imposition of sentence in the unrelated case, there is no basis to award additional credit. *Cf. People v. Etts,* 725 P.2d 73 (Colo.App.1986) (additional presentence confinement credit warranted when there was evidence that defendant's continued in-

carceration was attributable to all of the charges pending against him at that time).

The order is affirmed.

ROTHENBERG and CASEBOLT, JJ., concur.