James Edward HALL, Plaintiff–
Appellant,

v.

Aristedes W. ZAVARAS, Executive Director, Colorado Department of Corrections; Ben Griego, Head of Classification for the Colorado Department of Corrections; Dennis Kleinsasser, Director of Correctional Programs; Margo Vaughan, Central Offender Management Specialist; Peggy Heil, Administrator of the Sex Offender Program at the Territorial Correctional Facility; Gloria Green, former member of the Sex Offender Treatment Team; Dr. Richard Moore, Mental Health Coordinator of the Denver Reception Diagnostic Center; Roger Allen, member of the Sex Offender Treatment Team; Robert Furlong, Warden of the Limon Correctional Facility; Sandi Hendricks, Mental Health Therapist at the Limon Correctional Facility; Linda Tornowski, Case Manager at the Limon Correctional Facility, Defendants–Appellees.

No. 94CA1761.

Colorado Court of Appeals,
Div. IV.

Feb. 22, 1996.

As Modified on Denial of Rehearing
March 28, 1996.

James Edward Hall, Pro Se.

Gale A. Norton, Attorney General, Raymond T. Slaughter, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, David A. Beckett, Special Assistant Attorney General, Denver, for Defendants–Appellees.

Opinion by Judge KAPELKE.

In this C.R.C.P. 106(a)(4) action, plaintiff, James Edward Hall, an inmate in the custody of the Colorado Department of Correc-

tions (DOC), appeals from the judgment of the trial court dismissing his complaint against defendants, all of whom are employees or officials of the DOC. Plaintiff contends that defendants improperly denied him good time credits as a result of an unfounded allegation that he has refused to participate in a sex offender treatment program (SOTP). He also asserts a violation of his rights under the constitutional prohibition against *ex post facto* laws. We affirm.

In 1978, Hall was convicted of first degree sexual assault and second degree assault, and he is presently serving his sentence for those crimes. In 1991, his case manager informed him that, unless he participated in the SOTP, he would no longer be able to receive the maximum five days good time credit per month.

Later, Hall attempted to participate in the SOTP program, but was denied admission based on his failure to acknowledge that his sexually assaultive behavior was a problem he needed to address. Thereafter, he was awarded no more than two days good time credit per month.

In 1994, Hall initiated this action, and the DOC moved to dismiss for failure to state a claim. Hall failed to respond to the motion, and the trial court entered the judgment of dismissal here at issue.

### I.

Hall contends that the DOC violated his due process rights by conditioning his right to obtain good time credit on his participation in SOTP. We disagree.

■ A state may not deprive an inmate of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, an inmate does not have a liberty interest protected by the due process clause of the United States Constitution absent a showing of a legitimate claim of entitlement. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).

■ Further, an inmate has no constitutional right to good time credit. *Wolff v.*

*McDonnell, supra; People v. Turman,* 659 P.2d 1368 (Colo.1983). However, state law may create an enforceable interest if substantive limits are placed on official discretion concerning the award of good time. *See Wolff v. McDonnell, supra; Kentucky Department of Corrections v. Thompson, supra.*

Section 17–22.5–201, C.R.S. (1986 Repl.Vol. 8A) governs the award of meritorious good time for inmates, such as Hall, who were convicted of crimes committed before July 1, 1979. That statute provides, in pertinent part:

> The executive director or any of his designees *may* grant to any inmate confined in a correctional facility additional good time credit ... not to exceed five days per month for each calendar year remaining to be served, for the following reasons:
>
> (a) Meritorious service by an inmate; or
>
> (b) Outstanding performance of assigned tasks in correctional industries. (emphasis added)

■ By use of the word "may," the General Assembly indicated its intention to give the DOC discretion in the grant or denial of good time credit. *See Renneke v. Kautzky,* 782 P.2d 343 (Colo.1989). Thus, Hall has no legitimate claim of entitlement to the award of meritorious good time credits.

■ Hall further argues, however, that DOC Regulation 850–9 creates a right of which he was deprived without due process. We are not persuaded.

Regulation 850–9 is entitled "Program Participation" and states, in pertinent part:

> Inmates *may elect to refuse* to participate in institutional programs and shall not be punished for this choice. (emphasis added)

A program is defined as "treatment, training, religious, education, and recreation."

■ Because the DOC's grant or denial of good time credit is wholly discretionary, we conclude that the decision to withhold or condition such credits does not constitute the imposition of additional punishment. *See White v. People,* 866 P.2d 1371 (Colo.1994) (parole board's refusal to grant parole to a sex offender who is unwilling to participate in a SOTP does not constitute additional pun-

ishment). We further conclude that the DOC did not act arbitrarily or abuse its statutory discretion by conditioning Hall's earning of meritorious time credits upon his participation in the SOTP. *See White v. People, supra.* Accordingly, we find no violation of Hall's due process rights in this regard.

## II.

Hall also contends that DOC violated the constitutional prohibition against *ex post facto* laws by retroactively applying to him the statutory criteria of § 17–22.5–302(1), C.R.S (1986 Repl.Vol. 8A). Again, we disagree.

Both the Colorado and United States constitutions prohibit the imposition of punishment for an act that was not punishable at the time it was committed, as well as the imposition of additional punishment when no further offense has been committed. For a law to be *ex post facto,* it must be retroactive and must disadvantage the individual affected by it. *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); *People v. District Court,* 834 P.2d 181 (Colo.1992).

■ Of specific relevance here, a statute reducing the amount of non-discretionary good time credited against a prisoner's sentence is unconstitutional as applied to a prisoner whose crime was committed before the statute's enactment. *Weaver v. Graham, supra.*

As previously noted, § 17–22.5–201 governs the award of meritorious good time credit for inmates convicted of crimes committed before July 1, 1979. DOC Regulation 950–7 establishes criteria for the award of meritorious good time pursuant to § 17–22.5–201 and states, in pertinent part:

> Case managers shall assess the progress of their clients and determine . . . if his client has made substantial and consistent progress in the following categories:
>
> . . . .
>
> 3. Self-help: Consider what efforts and accomplishments the client has made through involvement in available counseling programs.
>
> . . . .

The awarding of meritorious time will be as follows:

. . . .

> A total of three (3) days per month may be awarded based upon the inmate's active involvement in programmed or recommended treatment programs . . . Upon documented refusal of or lack of active involvement in recommended programs, the Case Manager shall recommend that zero (0) days be awarded.

Hall contends that, because the criteria established by Regulation 950–7 are almost identical to those of § 17–22.5–302(1) governing the award of earned time credit for inmates convicted of crimes committed *after* July 1, 1979, the DOC has violated the *ex post facto* clause by applying the provisions of § 17–22.5–302(1) to him. We are not persuaded.

■ The evidence does not show that the DOC is applying the provisions of § 17–22.5–302(1) to Hall. Rather, in conditioning the award of good time credits on Hall's participation in the SOTP program, the DOC was acting pursuant to its discretion under § 17–22.5–201. Therefore, the *ex post facto* clause is not implicated. *See Gasper v. Gunter,* 851 P.2d 912 (Colo.1993).

Section 17–22.5–201(3)(a), C.R.S. (1986 Repl.Vol. 8A), the provision applicable to Hall, provides that good time credit may be awarded for meritorious service. The statute does not provide a set of criteria for determining what conduct constitutes meritorious service. Thus, the DOC may condition the award of good time credit upon participation in a sexual offender program. *See White v. People, supra* (requirement that prisoner participate in SOTP as a condition of parole did not constitute additional punishment so as to violate the *ex post facto* clause even though SOTP program did not exist when the defendant was sentenced).

We therefore reject Hall's contention that the DOC is impermissibly applying § 17–22.5–302(1) in determining his entitlement to good time credit.

## III.

 Hall also contends that his due process rights were violated by the inclusion of erroneous information in his prison file. Again, we disagree.

Specifically, Hall asserts that an employee of the DOC wrongly accused him of refusing sex offender treatment and improperly placed in his prison file false information relating to such alleged refusal. As a result, he claims, he is being denied the opportunity to earn the full five days of meritorious good time credit. The record, however, reveals that the DOC clinician reported only that Hall had "repeatedly refused sex offender treatment *or* has not been eligible for it." (emphasis added)

In a separate memorandum, another DOC therapist also stated that Hall did not meet the criteria for the sex offender treatment program because he did not view his sexually assaultive behavior as a problem that he needed to address. Hall does not challenge the conclusion that he is ineligible for the program.

Under these circumstances, we reject Hall's contention that he is entitled to relief because allegedly erroneous information was placed in his prison file.

## IV.

We have also considered, and reject Hall's remaining contentions. Accordingly, we conclude that the trial court did not err in dismissing Hall's complaint for failure to state a claim.

The judgment is affirmed.

MARQUEZ and BRIGGS, JJ., concur.