# UNITED STATES COURT OF APPEALS

## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                    Elisabeth A. Shumaker
Clerk                                                      Chief Deputy Clerk

December 10, 1996


**TO:**   All recipients of the captioned order and judgment

**RE:**   96-1092, 96-1151, Vasquez v. Misel
          December 6, 1996


Please be advised of the following correction to the captioned decision:

On page 12 of the order and judgment, "Prisoner Litigation Reform Act" should read "Prison Litigation Reform Act."  Please make the appropriate correction.


Very truly yours,

Patrick Fisher, Clerk


Susan Tidwell
Deputy Clerk

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

PAUL LUNA VASQUEZ,

        Plaintiff - Appellant,

    v.

TOM MISEL, Casemanager, at the Centennial Correctional Facility, official capacity and individual capacity; RANDY L. HENDERSON, Superintendent of the Centennial Correctional Facility, official capacity and individual capacity; K. R. GREGG, Captain at the Centennial Correctional Facility and Unit F and G Housing Supervisor, official capacity and individual capacity; DONICE NEAL, Superintendent of the Colorado State Penitentiary in official capacity and individual capacity; DOCTOR NEUFELD, physician either prison employee or an contractor with the Colorado Department of Corrections, in official capacity and individual capacity; John Doe either at the Centennial Correctional Facility or Colorado State Penitentiary, Canon City, Colorado,

        Defendants - Appellees.

No. 96-1092

D. Colorado

(D.C. No. 95-S-3259)

PAUL LUNA VASQUEZ,

        Plaintiff - Appellant,

    v.

MICHAEL LAURENT, Officer, Arkansas
Valley Correctional Facility; IVAN WALTERS,
Officer, Arkansas Valley Correctional Facility;
TOM JENNINGS, Lieutenant, Housing
Supervisor and Disciplinary Officer of the
Arkansas Valley Correctional Facility; DAVID
M. BEEBE, Lieutenant, Arkansas Valley
Correctional Facility; RUSSELL E. ELLIS,
Hearing Officer, Arkansas Valley Correctional
Facility,

        Defendants - Appellees.

No. 96-1151

D. Colorado

(D.C. No. 94-N-2219)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

Paul Luna Vasquez, proceeding in forma pauperis, filed two civil rights complaints against Colorado Department of Corrections officials: Vasquez v. Misel, No. 96-1092, filed March 21, 1996; and Vasquez v. Laurent, No. 96-1151, filed April 23, 1996.  The first case was dismissed as frivolous under 28 U.S.C. § 1915(d), and the second was dismissed on summary judgment.  We combine the appeals in these cases, and affirm.

## I.  Vasquez v. Misel, No. 96-1092:

While Vasquez was incarcerated at the Centennial Correctional Facility (CCF), corrections officials increased his security designation from close custody to maximum security administrative segregation, based on information that he posed a threat to the security of the facility.  Accordingly, after notice and an administrative segregation hearing, he was transferred to the Colorado State Penitentiary (CSP).  At CSP, a prison doctor refused to approve a knee brace for Vasquez, despite the fact he had worn a knee brace since 1982.  Also, CSP officials ordered some of Vasquez's legal materials removed from his cell because they posed a fire and safety hazard.

Vasquez brought this action under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986,[1] seeking declaratory and injunctive relief, compensatory and punitive damages, and an evidentiary hearing, claiming: (1) defendants denied his due process rights by violating various Department of Corrections procedures for his administrative segregation; (2) defendants denied his right of access to the courts by confiscating certain legal materials and restricting his access to the law library and resources; (3) defendant Neal violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment by confining him for long periods of time without regular outdoor exercise; and (4) defendant Dr. Neufeld subjected him to cruel and unusual punishment by denying his request for a knee brace.[2] He also filed a document requesting the district judge to recuse or disqualify himself pursuant to 28 U.S.C. § 455.[3] The district court denied Vasquez's recusal motion and dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915(d).

On appeal, Vasquez reasserts his substantive claims, and alleges that the district court erred by dismissing his complaint before it was served on the defendants, and by failing to hold an evidentiary hearing or issue a special order of reference. We affirm.

---

[1]On appeal, Vasquez only develops arguments for his § 1983 claims. Accordingly, we will not consider his claims under §§ 1981, 1985(3) and 1986.

[2]Vasquez alleged in his complaint that defendant Neal violated his Fifth, Eighth, and Fourteenth Amendment rights because she was a biased case manager, and that defendants generally violated state law, but he does not pursue these claims on appeal.

[3]Vasquez also sought recusal under 28 U.S.C. § 144, but does not pursue that recusal claim here.

A court may dismiss an in forma pauperis case sua sponte "if satisfied that the action is frivolous." 28 U.S.C. § 1915(d); Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Construing pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972); Brown v. Zavaras, 63 F.3d 967, 970 (10th Cir. 1995), we review a section 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992); Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995). We conclude that the district court did not abuse its discretion when it dismissed Vasquez's action as frivolous.

First, Vasquez claims prison officials violated his due process rights when they failed to follow prison regulations and placed him in administrative segregation without justification. To state a claim for violation of due process, a plaintiff must first identify an interest in life, liberty, or property which has been deprived by state actors. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459 (1989). The district court correctly found that Vasquez has no protected liberty interest to a particular placement in prison either under the Constitution itself, Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976), or under Colorado state law, Templeman v. Gunter, 16 F.3d 367, 370 (10th Cir. 1994), and therefore has no due process claim concerning placement in administrative segregation.

Second, Vasquez claims he was denied access to the courts because: (1) prison officials required him to remove some legal materials from his cell, forcing him to file extensions in other cases; (2) he was only permitted three books from the law library every 6 to 7 days; and (3) all inmates in the facility must rely on one legal assistant. He does not allege that his legal materials were destroyed or otherwise permanently deprived, or that he was denied all access to a law library or other legal resources.

The district court correctly determined that Vasquez's first claim was frivolous because Vasquez did not explain how the seizure of his legal materials prejudiced him in any way, or limited his access to the courts. See Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996) (stating inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"); Green v. Johnson, 977 F.2d 1383, 1390 (10th Cir. 1992). Moreover, some delay in filing legal documents and accessing the law library or other legal resources is inevitable, and does not state a violation of Vasquez's right to access the courts. See Beville v. Ednie, 74 F.3d 210, 213 (10th Cir. 1996) (explaining delayed access to court which did not prejudice plaintiff, did not violate right of access to the courts); Twyman v. Crisp, 584 F.2d 352, 357 (10th Cir. 1978) (per curiam) ("restricted access to the law library is not per se denial of access to the courts").

Third, while deprivation of exercise for an extensive period of time is sufficient to state a claim of cruel and unusual punishment in violation of the Eighth Amendment,

Mitchell v. Maynard, 80 F.3d 1433, 1443 (10th Cir. 1996); Housley v. Dodson, 41 F.3d 597, 599 (10th Cir. 1994), Vasquez admits that he has the opportunity for regular exercise outside his cell, but simply desires access to the prison gymnasium. The district court correctly characterized this claim as frivolous.

Fourth, Vasquez claims that the prison doctor violated his Eighth Amendment right to be free from cruel and unusual punishment. The district court correctly determined that Vasquez's claim was frivolous because he failed to allege that prison officials were deliberately indifferent to his condition, stating at most a disagreement with the doctor's diagnosis, insufficient to state a claim for cruel and unusual punishment. Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994) (stating liability for Eighth Amendment violation requires "deliberate indifference to serious medical needs of prisoners," not simply negligence in diagnosis or treatment (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976))); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996) (same); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (holding disagreement with doctor's professional judgment did not state Eighth Amendment claim).

Because we conclude that the district court correctly dismissed Vasquez's complaint sua sponte as frivolous, we also conclude that the court correctly decided not to hold an evidentiary hearing or refer the case to a magistrate judge.

Finally, we review the denial of a motion to recuse under 28 U.S.C. § 455(a) for abuse of discretion. United States v. Cooley, 1 F.3d 985, 994 (10th Cir. 1993). While a

- 7 -

district judge should disqualify himself when "his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), Vasquez must provide a reasonable factual basis to doubt the judge's impartiality. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995); United States v. Hines, 696 F.2d 722, 729 (10th Cir. 1982). Vasquez's affidavit simply alleged that the judge had been biased against him in other court proceedings, and that no man or woman in a penal institution in the Tenth Circuit could get a fair hearing from the judge because his son was murdered. The district court did not abuse its discretion in finding that Vasquez provided no basis for his allegations, and we conclude no reasonable person could have doubted the district court's impartiality. Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988).

## II.  Vasquez v. Laurent, No. 96-1151:

While incarcerated at the Arkansas Valley Correctional Facility (AVCF), Vasquez was found guilty, following a disciplinary hearing, of unauthorized possession of a piece of hardened plastic, and received a penalty of seven days lost "good time." Vasquez's work supervisor also wrote a negative evaluation of him based on the incident. One day after the disciplinary hearing, the prison superintendent reversed Vasquez's guilty verdict, and Vasquez lost no "good time." Also, Vasquez's work supervisor revised the negative evaluation, giving him an above-average rating.

Vasquez then filed this section 1983 complaint, seeking actual and punitive damages, as well as declaratory and injunctive relief against five employees of the Colorado Department of Corrections, claiming in essence that:  (1) the defendants' actions, including violations of  prison regulations and state law, denied him due process under the Fifth and Fourteenth Amendments; and (2) the defendants acted in bad faith or vindictively against him for legal action he pursued in violation of his First, Fifth, Eighth and Fourteenth Amendment rights.  The district court, adopting the magistrate judge's recommendation, granted the defendants' motion for summary judgment.

On appeal, Vasquez simply states that the "claims in his civil rights complaint with a jury demand clearly do states [sic] several legal violation [sic] or are supported by factual allegations."  Br. of Appellant at 6.  Rather than pursuing the issues raised in the district court, he argues that the district court denied him due process and inflicted cruel and unusual punishment[4] on him by: (1) granting summary judgment and dismissing his claims; and (2) failing to hold an evidentiary hearing and allow discovery.   We affirm.

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c).  Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995).  Viewing the record in the light most favorable to Vasquez, and construing his pro se complaint and appeal liberally,

---

[4]Vasquez's claims of cruel and unusual punishment are conclusory and unsupported and will not be considered.  Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986).

Haines, 404 U.S. at 520, we find no error in the district court's conclusion that no genuine issue of material fact exists, and that appellees are entitled to judgment as a matter of law.

Vasquez has no liberty interest in "good time" credit either under the Constitution, Sandin v. Connor, 115 S. Ct. 2293, 2297 (1995); Wolff v. McDonnel, 418 U.S. 539, 557 (1974), or state law. Hall v. Zavaras, 916 P.2d 634, 636 (Colo. Ct. App. 1996); Templeman, 16 F.3d at 370. Moreover, the day after Vasquez's disciplinary hearing, the prison superintendent reversed the finding of guilt, his employment supervisor revised the negative evaluation, and he lost no "good time" credit. Clearly, he has not identified or been deprived of any liberty interest by prison officials, the magistrate judge, or the district court, which would entitle him to any relief. Vasquez also fails to support, or pursue on appeal, his claims that prison officials acted in retaliation for legal action he was pursuing.

The district court thus properly concluded that the defendants were entitled to qualified immunity from Vasquez's claims for damages because he failed to show any violation of a well-settled constitutional right, see Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Warner v. Grand County, 57 F.3d 962, 963-64 (10th Cir. 1995), and that his declaratory and injunctive relief claims were nonjusticiable because he suffered no palpable injury and showed no likelihood of injury in the future. See Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (holding federal court's jurisdiction can only be invoked when plaintiff suffered actual or threatened injury); Bangerter v. Orem City Corp., 46

F.3d 1491, 1498 n.14 (10th Cir. 1995) (stating rule that plaintiff seeking declaratory and injunctive relief must allege that he will face misconduct in the future). Because we conclude that the district court properly dismissed the complaint on summary judgment, we also conclude that the district court did not err by denying Vasquez's requests for an evidentiary hearing and discovery. Shifrin v. Fields, 39 F.3d 1112, 1114 n.2 (10th Cir. 1994).

**SANCTIONS**

In the past three years, Vasquez has filed eight direct appeals of civil rights claims, one motion for a certificate of probable cause in a habeas action, and two petitions for mandamus relief. This court affirmed the district courts' dismissals in all of his direct appeals, remanded his habeas case to determine whether he had exhausted state remedies, and denied his mandamus petitions.[5] These filings are repetitive and unfounded pro se

---

[5]These matters include the present appeals, as well as: Vasquez v. Solis, No. 93-1353, opened 9/13/93, closed 2/2/94 (judgment affirmed); Vasquez v. Romer, No. 93-1380, opened 9/28/93, closed 3/21/93 (affirmed); Vasquez v. Schlatter, No. 94-572, opened 5/26/94, closed 8/4/94 (mandamus denied); Vasquez v. Arnold, No. 94-1352, opened 7/29/94, closed 2/23/95 (affirmed); Vasquez v. Leavitt, No. 95-1062, opened 2/8/95, closed 10/27/95 (affirmed); Vasquez v. Ley, No. 95-1134, opened 4/3/95, closed 11/24/95 (affirmed); Vasquez v. Zavaras, No. 95-1501, opened 11/29/95, closed 4/9/96 (affirmed); Vasquez v. Neal, No. 96-1083, opened 3/14/96, closed 7/3/96 (remanded); Vasquez v. Sparr, No. 96-1449, opened 10/7/96, closed 11/5/96 (mandamus denied) (fees paid by Vasquez).

litigation, that indicate an abuse of the privilege of proceeding without payment of costs or fees.

This court and the district courts have power under 28 U.S.C. § 1651(a) to protect themselves from the deleterious effects of repetitive, unfounded pro se litigation. Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam) (holding district and appellate courts have power to enjoin litigants who abuse the court system). Vasquez is therefore warned, and placed on notice that further frivolous filings may lead to restrictions on his ability to file actions and motions before this court. See id.; Cotner, 795 F.2d at 902-03. A district court is also free to impose narrowly-tailored restrictions on a litigant's filings, provided it properly sets forth his abusive and lengthy history, and includes guidelines explaining what he must do in order to obtain the court's permission to file an action. Werner v. Utah, 32 F.3d 1446, 1447-48 (10th Cir. 1994); Tripati, 878 F.2d at 354.

Furthermore, we hold that both of these appeals are frivolous under the Prison Litigation Reform Act of 1995 ("the Reform Act"). Pub. Law No. 104-134, 110 Stat. 1321 § 804(a)(5) (April 26, 1996) (to be codified at 28 U.S.C. § 1915(e)(2)(B)(i)). The Reform Act provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment . . . under this section if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury." Pub. Law No. 104-134, 110 Stat. 1321 § 804(d) (to be codified at 28 U.S.C. § 1915(g)). While the present appeals were filed prior to enactment of the Reform Act (April 26, 1996), they will nonetheless count against the defendant as two frivolous appeals under the amended version of § 1915(g). See Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996) ("§ 1915(g) requires us to consider prisoner suits dismissed prior to the statute's enactment"). We direct the clerk of the court to commence monitoring Vasquez's filings, and he is placed on notice that any further frivolous filings will bar him from bringing actions without paying costs under 28 U.S.C. § 1915 unless he "is under imminent danger of serious physical injury."

For the foregoing reasons, the judgments of the district courts in <u>Vasquez v. Misel</u>, No. 96-1092, and <u>Vasquez v. Laurent</u>, No. 96-1151, are AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge