The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Lawrence W. FITZGERALD, Defendant–Appellant.

No. 97CA1203.

Colorado Court of Appeals, Div. III.

Sept. 17, 1998.

Rehearing Denied Oct. 22, 1998.

Certiorari Denied March 22, 1999.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Amy W. Naes, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

Nancy J. Lichtenstein, Denver, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, Lawrence W. Fitzgerald, appeals from the trial court's denial of his Crim. P. 35(a) and (c) motions. We affirm.

## I.

Defendant first contends that the trial court erred in denying his motion seeking to be credited for 421 days of presentence confinement. He argues that he is entitled to

this credit because his sentence in Adams County was ordered to run concurrently with his previously imposed sentence from Clear Creek County and because his confinement in Clear Creek County was attributable partially to the charges filed against him in Adams County. We disagree.

Under Crim. P. 35(a), a motion to correct an illegal sentence may be brought at any time.

Section 16–11–306, C.R.S.1998, provides that:

A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus.

Here, defendant was arrested on May 24, 1991, in Clear Creek County and charged with sexual assault on a child and violation of a custody order. Defendant was unable to post bond. On September 4, 1991, while still confined on those charges, he was charged with two counts of sexual assault on a child in Adams County. Defendant also was unable to post bond on the new charges. Sentence on the custody violation charge in the Clear Creek case was imposed on October 11, 1991. The Clear Creek charge of sexual assault on a child was dismissed.

After a jury convicted defendant of the Adams County charges, he pled guilty to two additional habitual criminal counts. Then, on October 29, 1992, the court imposed a 25–year sentence to run concurrently with the Clear Creek County sentence.

After motions for postconviction relief were filed, the original sentencing court amended the mittimus to grant presentence confinement credit on the Adams County sentence of 122 days. Defendant claims, however, that he is entitled to 421 days of presentence confinement credit, reflecting the time from the filing of the charges in Adams County to his sentencing on such charges. We do not agree.

A.

■ Initially, we reject defendant's contention that he is entitled to have his presentence confinement credited to the Adams County sentence because his sentence in Adams County was ordered to run concurrently with his previously imposed sentence in Clear Creek County.

■ A defendant is entitled to presentence confinement credit on each of any concurrent sentences if such were imposed for multiple counts filed at the same time in the same jurisdiction. *Schubert v. People,* 698 P.2d 788 (Colo.1985). However, under circumstances such as those here in which concurrent sentences result from convictions on unrelated offenses occurring in different jurisdictions, the fact that a subsequent sentence was imposed to run concurrently with a previously imposed sentence does not, without more, require additional presentence confinement credit to be applied to the new sentence.

■ To the contrary, under those circumstances, an offender is not entitled to credit "if the record demonstrates that a particular period of confinement served prior to the imposition of sentence is not attributable to the charge or conduct for which a sentence is to be imposed." *People v. Taylor,* 886 P.2d 302, 304 (Colo.App.1994). *See Massey v. People,* 736 P.2d 19 (Colo.1987) (if concurrent sentences are imposed, period of confinement may be credited for each charge that was an actual cause of a defendant's incarceration prior to the imposition of the sentence); *Schubert v. People, supra* (in order to receive presentence confinement credit, the offender actually must have been confined and there must be a substantial nexus between the confinement and the charge for which the sentence is imposed).

B.

Nevertheless, defendant argues, there was a substantial nexus between his confinement in Clear Creek County and the Adams County charges because he was unable to post bond on the charges against him in both counties. As a result, he asserts, he is enti-

tled to 421 days of presentence confinement credit because his incarceration in Clear Creek County was attributable in part to the then-pending charges from Adams County. We do not agree.

If two or more unrelated, pending charges form multiple bases for a defendant's confinement prior to sentencing, then a substantial nexus under such circumstances would mean that the defendant, in the absence of the other charge or charges, still would have remained confined on the charge for which credit is sought. *See Massey v. People, supra. Cf. People v. Etts,* 725 P.2d 73 (Colo. App.1986) (because defendant's bond in Adams County was discharged, defendant's confinement in Denver County on other charges also was attributable to the Ádams County charges).

■ Here, because defendant was being held in connection with the Clear Creek offense at the time the Adams County charges were filed, and was unable to be released on bond in either case, he was entitled to presentence confinement credit for the time from which charges were filed against him in Adams County to the imposition of sentence in Clear Creek County. Indeed, the trial court granted him 122 days of presentence confinement which it attributed to the Adams County charges.

However, defendant's contention notwithstanding, he was not entitled to further presentence confinement credit once he began serving the sentence imposed in Clear Creek County. Regardless whether defendant had posted bond in the Adams County case, at that point, he would not have been released from custody because he was serving that sentence. Thus, that period of confinement necessarily is attributable to the sentence imposed, not to the charges filed in Adams County, and consequently, defendant's inability to post bond in Adams County was not the actual cause of his confinement. *See Torand v. People,* 698 P.2d 797 (Colo.1985) (defendant not entitled to presentence confinement credit on charges because actual cause of confinement was uncompleted prison sentence imposed after parole violation).

## II.

■ The trial court amended the mittimus to grant defendant 122 days of presentence confinement credit but did not include the number of days of good time credit for which defendant may have been eligible. Defendant contends that the court's failure to include on the mittimus an amount reflecting the good time credit to which he was entitled at the time of sentencing was error. We disagree.

■ While an offender may become eligible for good time credit, he or she is not entitled to such credit. The decision to grant or deny good time credit lies within the discretion of the Department of Corrections (DOC). *See* §17–22.5–201, C.R.S.1998; *Hall v. Zavaras,* 916 P.2d 634 (Colo.App.1996) (allowance of good time credit is not a right but a benefit).

In *People v. McCreadie,* 938 P.2d 528 (Colo.1997), the defendant had been sentenced to a community corrections program. After violating the conditions for remaining in the program, the defendant was returned to court for resentencing to the DOC. In the context of the statutory framework for community corrections programs, the supreme court interpreted §17–27–105, C.R.S.1998, concerning offenders initially sentenced to community corrections, to require the director of the community corrections program to submit a report to the sentencing court outlining the earned time and good time credits for which an offender has qualified while in the program. The court further held that §17–27–105(1)(j), C.R.S.1998, specifically requires the sentencing court to include this information on the mittimus at the time the offender is sentenced to the DOC.

Relying on the *McCreadie* analysis, defendant argues that, since the probation department is required to include information concerning a defendant's eligibility for good time credits in the presentence report when, as here, a defendant is to be sentenced directly to the DOC, a trial court similarly is obliged to record this information on the mittimus. Furthermore, defendant argues, the sentencing court must obtain and record this information even when, as here, a defendant has

waived the presentence report. We disagree.

Unlike for community corrections programs, there is no statutory requirement that, in sentencing an offender directly to the DOC, a court must include information concerning good time credit on the mittimus. To the contrary, §17–40–104, C.R.S.1998, which specifically addresses the responsibility of the sentencing court to the DOC diagnostic program, merely directs the court to transmit to the superintendent of the diagnostic center for placement of offenders in the DOC "any available presentence report, offense report, or diagnostic or clinical information and any recommendation the court may deem appropriate."

By its plain terms, and in contrast to §17–27–105(1)(j), §17–40–104 makes no reference to information which must be reflected on the mittimus. Indeed, the statute requires only the transmittal to the DOC of actual reports and other, similar information by the sentencing court and, then, only when it is available to it. In addition, under the statute, the sentencing court is given full discretion as to what recommendation, if any, to make to the DOC in receiving and placing an offender.

Thus, unlike in the resentencing of an offender originally sentenced to a community corrections program, when directly sentencing a defendant to the DOC, a court simply is not required to include information concerning good time credit on the mittimus. Therefore, its failure to do so, even when, as here, the defendant has waived the presentence report, is not error.

### III.

■ We also disagree with defendant's contention that the trial court erred in dismissing without a hearing his motion for postconviction relief alleging ineffective assistance of counsel during earlier postconviction proceedings.

■ A defendant is entitled to effective assistance of counsel during postconviction proceedings, and this issue may be raised in a Crim. P. 35(c) motion. *See People v. Hickey,* 914 P.2d 377 (Colo.App.1995).

■ A trial court must hold an evidentiary hearing on a Crim. P. 35(c) motion unless the motion, files, and record of the case clearly establish that the allegations of the motion are without merit and do not warrant postconviction relief. *White v. Denver District Court,* 766 P.2d 632 (Colo.1988).

Here, defendant alleged in his Crim. P. 35(c) motion that his appellate counsel's performance at the Crim. P. 35(c) hearing, alleging errors during trial, was deficient because there was an insufficient factual basis for his conviction, and because appellate counsel had misrepresented her level of experience, had failed to call an expert witness in the area of sexual assault on children in order to explain his affirmative defenses to the reviewing court, and had failed to designate the trial transcript as part of the record on appeal of the denial of his motion.

■ If the grounds for asserting ineffective assistance of appellate counsel rest on errors alleged to have occurred at trial, and such errors have been reviewed and found to be without merit, they will not support a claim of ineffective assistance of appellate counsel. *See People v. Valdez,* 789 P.2d 406 (Colo.1990).

Here, defendant's assertions that insufficient grounds existed to support his convictions and the need for an expert witness at the first Crim. P. 35(c) hearing relate to issues considered and rejected on appeal. *See People v. Fitzgerald,* (Colo.App. No. 95CA1169, June 6, 1996) (not selected for official publication). Hence, they have been fully and finally litigated, and defendant cannot raise them again.

A division of this court, in affirming the trial court's denial of his first Crim. P. 35(c) motion, noted the absence of the trial transcript but found the transcript of the Crim. P. 35(c) hearing and the findings of the trial court to be sufficient in reaching its decision. Further, defendant has not presented facts demonstrating any prejudice resulting from the lack of the transcript or from counsel's alleged misrepresentation of her level of experience. Thus, defendant's motion fails to allege facts that would warrant postconvic-

tion relief, and accordingly, the trial court did not err in denying his motion.

The orders are affirmed.

Judge PLANK and Judge MARQUEZ concur.